UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN PUBLIC HEALTH
ASSOCIATION, et al.,

                *Plaintiffs*,

v.

NATIONAL INSTITUTES OF HEALTH, et al.,

                *Defendants*.

Case No. 1:25-cv-10787-BEM

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO FILE UNDER SEAL CERTAIN DECLARATIONS AND EXHIBITS**

Pursuant to Local Rule 7.2, Plaintiffs respectfully request leave to file certain non-plaintiff organizational member declarations and exhibits thereto in support of Plaintiffs' Motion for Preliminary Injunction under seal. Certain non-plaintiff organizational members have privacy interests that necessitate the protection of their individual identities ("Certain Organizational Declarants") and seek for their declarations, and supporting exhibits, to be filed under seal.[1]

Certain Organizational Declarants have a reasonable fear of retaliation, reputational damage, harassment, and threats that could result from their identities being revealed publicly, given the already-demonstrated public attention and contentious nature of public discourse surrounding lawsuits against the Trump administration. As discussed herein, Certain

---

[1] These Certain Organizational Declarants include: APHA Member 1; APHA Member 2; APHA Member 7; UAW Member 3; UAW Member 9; UAW Member 10; UAW Member 13; UAW Pre-Member 1; UAW Pre-Member 7. Additionally Plaintiffs request to file under seal certain exhibits attached to the declaration for APHA.

Organizational Declarants' privacy interests outweigh the marginal public interest in access to the unredacted declarations and exhibits, and thus, Plaintiffs' Motion to File Under Seal should be granted.

## LEGAL STANDARD

The right of public access to certain documents filed in civil litigation is "qualified" and the common-law right of access to judicial records "is not absolute." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978)) (further citation omitted); *see also Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("Though the public's right of access to such materials is vibrant, it is not unfettered."). The trial court has "considerable leeway" in making the decision as to whether presumptively public records should be sealed. *Siedle*, 147 F.3d at 10. Since "[i]mportant countervailing interests can, in given instances, overwhelm the usual presumption and defeat access," a "court must carefully balance the competing interests that are at stake in the particular case." *Id.*; *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410-411 (1st Cir. 1987). Courts have frequently recognized the heightened degree of privacy afforded to nonparties. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022) (citing *Doe v. Trs. of Dartmouth Coll.*, No. 18-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (explaining that nonparty "has a stronger case for anonymity" than party)); *Nwagbaraocha v. Dartmouth-Hitchcock Med. Ctr.*, No. 18-CV-304, 2019 WL 13328427, at *2 (D.N.H. Sept. 16, 2019) (citing *Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *3-4 (M.D.N.C. July 19, 2013) (collecting cases recognizing compelling nature of privacy interest of nonparties)).

## ARGUMENT

The sealing of certain organizational member declarations and exhibits is warranted in order to protect the Certain Organizational Declarants' interests in privacy and personal safety. It is well recognized that "privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Standard Fin. Mgmt. Corp.*, 830 F.2d at 411 (quotation marks omitted). Nonparty privacy interests, in particular, are "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013).

Here, Certain Organizational Declarants have a credible fear of harassment and threats if their identities, contact information, and other identifying information is disclosed on the public record. The issues at the heart of this case are the subject of intense public scrutiny, and given the highly publicized nature of litigation against the Trump administration, this lawsuit has already garnered significant public attention, and likely will continue to do so.[2] Certain Organizational Declarants fear that disclosure of their identities could put them—and their families, friends, and co-workers—at risk of being doxxed, harassed, and threatened.[3] What is more, if the declarations and exhibits are not sealed, Certain Organizational Declarants will be identified and exposed to

---

[2] Consider the national media coverage surrounding the filing of Plaintiffs' Complaint. *See, e.g.*, Dan Glaun, *'An attack on scientific progress itself': Health researchers sue to overturn NIH funding cuts,* The Boston Globe, April 2, 2025 (Health researchers, unions sue to overturn NIH funding cuts); Evan Bush, *ACLU sues National Institutes of Health for 'ideological purge' of research projects*, NBC News, April 2, 2025 (https://www.nbcnews.com/health/health-news/aclu-sues-national-institutes-health-ideological-purge-research-projec-rcna199360); Jen Christensen, *Scholars, groups sue Trump administration over canceled NIH research funding*, CNN, April 2, 2025 (Scholars, groups sue Trump administration over canceled NIH research funding | CNN).

[3] Consider that even members of Congress report being afraid for their own security if they disagree with or stand up to the Trump administration. *See* Gabriel Sherman, *"They're Scared Shitless": The Threat of Political Violence Informing Trump's Grip on Congress*, Vanity Fair, February 19, 2025 (https://www.vanityfair.com/news/story/trump-congress-political-violence).

potential danger for not only their association with this lawsuit but also the subject of their research work which is detailed in their declarations. Some declarants' research relates to addressing minority health disparities, or involves LGBTQ populations, which have been often villainized by supporters of the current administration.

Second, Certain Organizational Declarants are concerned about the serious risk of reputational harm and retaliation from NIH and current and future employers should their identities be disclosed publicly. As the world's leading funder of biomedical and behavioral research, NIH funds a significant amount of extramural research. Certain Organizational Declarants fear that being identified in relation to this lawsuit could undermine or risk access to future research funding from the NIH – funding that is critical for sustaining ongoing research as well as career development. Indeed, it is unclear whether current or future employers including leading universities and research institutions would be willing to employ Certain Organizational Declarants if there was some risk that these individuals would no longer have access to NIH funding.

In contrast, the public does not have a strong countervailing interest in learning Certain Organizational Declarants' identities. All non-identifying information in the declarations will be publicly filed, allowing for public understanding of the relevant facts supporting Plaintiffs' motion. Declarants are not parties to the litigation. *See In re Boston Herald*, 321 F.3d 174, 191 (1st Cir. 2003) ("[T]he invasiveness of the disclosure sought here is further intensified" where information sought to be disclosed pertains to nonparties). Additionally, Plaintiffs anticipate that there will be other declarations filed from members of Plaintiffs UAW and APHA without redaction. Thus, in balancing the considerations of privacy with the public's right of access, disclosure of Certain

4

Organization Declarants' identities against their wishes would add little value to the public discourse.

Thus, Certain Organizational Declarants' privacy and safety interests are sufficiently compelling to overcome the presumptive right of access to certain declarations and exhibits filed in support of Plaintiffs' Motion for Preliminary Injunction.

## CONCLUSION

For the reasons herein, Plaintiffs' Motion to File Under Seal Certain Declarations and Exhibits should be granted.

Dated: April 23, 2025

Respectfully submitted,

/s/ *Suzanne Schlossberg*
Jessie J. Rossman (BBO # 670685)
Suzanne Schlossberg (BBO #703914)
**American Civil Liberties Union
  Foundation of Massachusetts, Inc.**
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: (617) 482-3170
jrossman@aclum.org
sschlossberg@aclum.org

Olga Akselrod*
Alexis Agathocleous*
Rachel Meeropol*
Alejandro Ortiz*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2659
oakselrod@aclu.org
aagathocleous@aclu.org
rmeeropol@aclu.org
ortiza@aclu.org

5

Shalini Goel Agarwal*
shalini.agarwal@protectdemocracy.org
**Protect Democracy Project**
2020 Pennsylvania Ave., NW, Ste. 163
Washington, DC 20006
Telephone: (202) 579-4582
shalini.agarwal@protectdemocracy.org

Michel-Ange Desruisseaux*
82 Nassau Street, #601
New York, NY 10038
Michel-ange.desruisseaux@protectdemocracy.org

Kenneth Parreno**
15 Main Street, Suite 312
Watertown, MA 02472
kenneth.parreno@protectdemocracy.org

Lisa S. Mankofsky*
Oscar Heanue*
**Center for Science in the Public Interest**
1250 I St., NW, Suite 500
Washington, DC 20005
Telephone: (202) 777-8381
lmankofsky@cspinet.org
oheanue@cspinet.org

*Counsel for Plaintiffs*

*\* Admitted pro hac vice*
*\*\* Application for admission forthcoming*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2025 a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

April 23, 2025                                                    /s/ *Suzanne Schlossberg*
                                                                               Suzanne Schlossberg