UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION; IBIS REPRODUCTIVE HEALTH; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS (UAW); BRITTANY CHARLTON; KATIE EDWARDS; PETER LURIE; and NICOLE MAPHIS,<br>                          *Plaintiffs*,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH; JAY BHATTACHARYA, *in his official capacity as Director of the National Institutes of Health*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR.*, in his official capacity as Secretary of the United States Department of Health and Human Services*, et al.,<br>                          *Defendants*. | No. 1:25-cv-10787-BEM |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, Plaintiffs American Public Health Association ("APHA"), Ibis Reproductive Health, International Union, United Automobile, Aerospace, and Agricultural Implement Workers ("UAW"), Brittany Charlton, Katie Edwards, Peter Lurie, and Nicole Maphis ("Plaintiffs") respectfully move for a preliminary injunction enjoining Defendants from implementing the unlawful directives referred to

1

collectively as the "Directives," as defined in the proposed order attached as Exhibit A to this motion, terminating grants in an unlawful and/or unconstitutional manner, and suspending normal review processes in an unlawful and/or unconstitutional manner.

Plaintiffs satisfy the requirements for preliminary injunctive relief, as explained in the accompanying memorandum of law in support of this motion. First, Plaintiffs are likely to succeed on the merits of their claims. The Directives and terminations are unconstitutional because they violate Separation of Powers principles and due to their impermissible vagueness, violate the Due Process Clause. In addition, the Directives and terminations are unlawful because they are arbitrary and capricious in violation of the Administrative Procedure Act ("APA"), violate Congressional mandates and Defendants' own regulations, and deprive Plaintiffs Ibis, Dr. Charlton, Dr. Edwards, Dr. Lurie, and Dr. Maphis and members of Plaintiffs APHA and UAW (collectively, "Plaintiffs and Members") of rights protected under both the APA and the Constitution. In addition, Defendants have unreasonably withheld agency action by impermissibly suspending and delaying processes for awarding grants in violation of the APA.

Second, Plaintiffs and Members will continue to suffer irreparable harm absent an injunction. Defendants' actions have halted research projects midstream, interrupting research and jeopardizing (and in some cases eliminating) the ability to collect and analyze data based on these studies. Defendants' actions have also threatened the jobs of both grant recipients and their staff and left applicants in unreasonable administrative limbo. They have also derailed the careers of established and early scientists alike, whose plans are now upended by these disruptions, to say

2

nothing of those whose lives may depend on the continuation of the research by Plaintiffs and Members.

Third, the balance of equities and the public interest weigh heavily in favor of a preliminary injunction. It is well-established that it is in the public interest to require governmental agencies to adhere to longstanding federal statutes, and not to the passing whims of an executive. Further, the very nature of public health research is that its advancement serves the common good. The research advanced by Plaintiffs and Members seeks to improve the collective public health of all Americans. Conversely, Defendants face no cognizable harm—their only obligation will be to abide by statutory mandates and agency regulations that benefit public health.

Finally, Plaintiffs also request that the Court exercise its discretion to waive the requirement to post bond under Rule 65(c) both because of the hardship this would impose on Plaintiffs and Members (who have already incurred financial losses from Defendants' unlawful actions) and because the imposition of a bond would unduly restrict federal rights. *See, e.g.*, *Pineda v. Skinner Services, Inc.*, 22 F.4th 47, 57 (1st Cir. 2021) (district court did not abuse its discretion when it did not require low-wage laborers to post a bond); *Int'l Assoc. of Machinists and Aerospace Workers v. Eastern Airlines*, 925 F.2d 6, 9 (1st Cir. 1991) (finding "ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond"); *see also da Silva Medeiros v. Martin*, 458 F. Supp. 3d 122, 130 (D.R.I. 2020) (waiving the bond requirement where it would pose a hardship on petitioners and unduly restrict the federal rights at issue). If the Court finds that

3

bond is required, Plaintiffs alternately request that said bond be set to a nominal amount. *See Maine v. U.S. Dep't of Agriculture*, 1:25-cv-131, 2025 WL 1088946, at *29–30 (D. Me. Apr. 11, 2025) (collecting cases).

In support of this request for a preliminary injunction, Plaintiffs rely on the memorandum of law, declarations, and other evidence filed in support of this motion. Plaintiffs respectfully request that the Court enter a preliminary injunction in the form set forth in the proposed order attached to this motion as Exhibit A.

[signatures on following page]

Dated: April 25, 2025

Shalini Goel Agarwal
shalini.agarwal@protectdemocracy.org
**Protect Democracy Project**
2020 Pennsylvania Ave., NW, Ste. 163
Washington, DC 20006
202-579-4582
shalini.agarwal@protectdemocracy.org

Michel-Ange Desruisseaux
82 Nassau Street, #601
New York, NY 10038
michel-ange.desruisseaux@protectdemocracy.org

Kenneth Parreno
15 Main Street, Suite 312
Watertown, MA 02472
kenneth.parreno@protectdemocracy.org

Lisa S. Mankofsky
Oscar Heanue
**Center for Science in the Public Interest**
1250 I St., NW, Suite 500
Washington, DC 20005
202-777-8381
lmankofsky@cspinet.org
oheanue@cspinet.org

Respectfully submitted,

*/s/ Jessie J. Rossman*
Jessie J. Rossman
Suzanne Schlossberg
**American Civil Liberties Union Foundation of Massachusetts, Inc.**
One Center Plaza, Suite 801
Boston, MA 02018
617-482-3170
jrossman@aclum.org
sschlossberg@aclum.org

Olga Akselrod
Alexis Agathocleous
Rachel Meeropol
Alejandro Ortiz
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212-549-2659
oakselrod@aclu.org
aagathocleous@aclu.org
rmeeropol@aclu.org
ortiza@aclu.org

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025 a true and correct copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

April 25, 2025                                             */s/ Jessie J. Rossman*
                                                           Jessie J. Rossman

LOCAL RULE 7.1 CERTIFICATION

    I, Jessie Rossman, certify that on April 11, 2025, I conferred with counsel for Defendants regarding this motion. Counsel for Defendants stated that they opposed this motion.

                                                                                           */s/ Jessie J. Rossman*
                                                                                           Jessie Rossman