UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION; IBIS REPRODUCTIVE HEALTH; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS (UAW); BRITTANY CHARLTON; KATIE EDWARDS; PETER LURIE; and NICOLE MAPHIS, <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH; JAY BHATTACHARYA, *in his official capacity as Director of the National Institutes of Health*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR*., in his official capacity as Secretary of the United States Department of Health and Human Services*, <br><br> *Defendants*. | Case No. 1:25-cv-10787-BEM |

**[PROPOSED] PRELIMINARY INJUNCTION**

This matter comes before the Court on the motion of Plaintiffs for a preliminary injunction. Having reviewed Plaintiffs' complaint and the memorandum of law, declarations, and other evidence in support of the motion, as well as any papers filed in opposition to this motion, and in accordance with Federal Rule of Civil Procedure 65, and for good cause shown, the Court finds that Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction. As an initial matter, Plaintiffs have demonstrated that the Court has jurisdiction over this suit. Plaintiffs have also established a substantial likelihood of success on the merits of their claims, Plaintiffs

will be irreparably harmed absent a preliminary injunction, and the public interest and balance of the equities strongly favor entry of a preliminary injunction.

It is hereby **ORDERED** that a **PRELIMINARY INJUNCTION** is entered in this case. It is further **ORDERED** that:

1. Defendants shall cease implementation of the following directives, referred to collectively as "the Directives":

    a. The February 10, 2025 directive issued by the Acting Secretary of HHS entitled "Secretarial Directive on DEI-Related Funding." Ex. 10.

    b. The February 12, 2025 memorandum entitled "NIH Review of Agency Priorities Based on the New Administration's Goals." Ex. 11.

    c. The February 13, 2025 memorandum entitled "Supplemental Guidance to Memo Entitled- NIH Review of Agency Priorities Based on the New Administration's Goals." Ex. 12.

    d. The March 2025 memorandum issued by NIH, entitled "Staff Guidance– Award Assessments for Alignment with Agency Priorities – March 2025." Ex. 13.

    e. The March 13, 2025 directive issued by Michelle Bulls, entitled "Award Revision Guidance and List of Terminated Grants via letter on 3/12." Ex. 18.

    f. The March 25, 2025 memorandum issued by NIH, entitled "NIH Grants Management Staff Guidance – Award Assessments for Alignment with Agency Priorities – March 2025." Ex. 14.

    g. The directive issued by NIH that NIH funding shall not be made available to research related to the health effects of climate change.

h.  Any other directive—including any non-public or undisclosed directives, whether written or unwritten—that pauses, eliminates or withholds NIH funding for previously advertised funding opportunities or previously awarded grants, on the grounds that the funding opportunities or grants relate to a topic deemed by Defendants to "no longer effectuate[] agency priorities." Those topics include but are not limited to: "DEI"/"Diversity, Equity, and Inclusion," "Equity Objectives," "Transgender Issues," "Gender Identity," "China," "Vaccine Hesitancy," and "COVD-related."

2.  Defendants shall cease all distribution of the Directives throughout their agencies and inform all agency personnel they are not to implement the Directives.

3.  Defendants shall cease termination of any NIH or any of the individual institutes and centers within NIH (collectively, "NIH") grant or grant program based on or as a result of the Directives.

4.  Defendants shall refrain from withdrawing Notices of Funding Opportunities issued by or on behalf of NIH prior to their original end date, based on or as a result of the Directives, .

5.  Defendants shall refrain from withdrawing, denying or unreasonably delaying review of NIH grant applications or grant renewal applications based on or as a result of the Directive, including any procedural steps necessary for such review, including but not limited to publications in the Federal Register of noticed meetings, conducting study section meetings, conducting advisory council meetings, and issuing notices of awards.

6.  Defendants shall refrain from freezing or otherwise withholding NIH grant funding based on or as a result of the Directives, under any other name or guise.

7. Defendants shall restore grants, retroactive to the respective termination date and through at least to the end of their original project end date, that NIH has terminated based on or as a result of the Directives.

8. Defendants shall reinstate Notices of Funding Opportunities that had been issued by or on behalf of NIH and that were withdrawn on or after January 20, 2025 prior to their original projected end date and based on or as a result of the Directives.

9. Defendants shall unfreeze and release any reimbursements or other funding awards issued by or on behalf of NIH that Defendants have frozen based on or as a result of the Directives.

10. Defendants shall resume all procedural steps that are necessary for the review and disposition of grant applications to NIH, including but not limited to publications in the Federal Register of noticed meetings, conducting study section meetings, conducting advisory council meetings, and issuing notices of awards. For Plaintiffs who have been prejudiced by Defendants' delay in, or refusal to, consider their applications, Defendants shall expedite review of their applications.

11. Defendants shall refrain from terminating NIH grants and grant programs based on a purported failure to effectuate agency priorities.

12. Defendants shall restore grants that NIH has terminated based on a purported failure to effectuate agency priorities retroactive to the respective termination date and through at least to the end of their original project end date.

13. Defendants shall allow no cost extensions on all reinstated grants where necessary to address the period of project interruption.

14. Defendants shall file a status report with the Court within 24 hours of entry of this order of preliminary injunction confirming their compliance with the Court's preliminary

injunction. Defendants shall file status reports every two weeks thereafter confirming their compliance with the Court's order. Defendants shall include in these status reports all steps taken to comply with the Order's requirement to reinstate the grants. Defendants shall include with these biweekly status reports a list of grants—including all fields in the TAGGS HHS Terminated Grants spreadsheet, such as FAIN, the Award Number, the Recipient Name, the Date Terminated, the Total Amount Obligated, the Total Amount Expended, the Total Payment Amount as of Termination, the Unliquidated Obligations as of Termination, the Award Title, the original project end date prior to termination, the amended project end date after termination, the project end date after reinstatement, the original budget end date prior to termination, the amended budget end date after termination, the budget end date after reinstatement, the date of reinstatement, and the total obligated funds available post reinstatement—that have been terminated between January 20, 2025 and the date of filing the status report.

15. Defendants shall provide notice of the Court's preliminary injunction within 24 hours of entry to all Defendants, their employees, agents, and anyone acting in concert with them.

16. Defendants shall not retaliate or otherwise impose any negative consequences on any and all Plaintiffs and/or any and all member(s) of Plaintiffs, or their institutions, or declarants, for involvement in this litigation.

17. The Court, in its discretion, waives the requirement for Plaintiffs to post bond under Federal Rule of Civil Procedure Rule 65(c).

18. The preliminary injunction shall remain in effect until further order of this Court.

The Clerk of Court is respectfully directed to terminate the motion. Dkt. _____.


SO ORDERED.


Dated: _____          _____
                                      Hon. Brian E. Murphy
                                      U.S. District Judge