# Exhibit 2

| | |
|---|---|
| **From:** | Khetarpal, Anuj (USAMA) |
| **To:** | Jessie Rossman |
| **Cc:** | Rachel Meeropol; Shalini Agarwal; Sydney Zazzaro; Leah Watson; Max Selver |
| **Subject:** | RE: Material in advance of meet and confer |
| **Date:** | Monday, June 9, 2025 12:03:41 AM |
| **Attachments:** | image001.png |

Hello Jessie,

Reserving all of my client's rights to raise any and all responses in opposition to your motion to challenge the completeness once we see your motion.

I do not know what other "forms or documents" you will reference other than that referenced in NIH_GRANTS_000125, and therefore I cannot answer your question fully. However, at the very least, the author of that referenced email was not the decisionmaker and explicitly states that she was not involved in the decision to terminate.

As I review the June 5 letter again, I notice that you have requested "all communications between HHS and NIH . . . surrounding the development, creation, and implementation of the Directives at issue in this case." Given the breadth of that request, I believe that I must add an assertion of attorney-client privilege.

Thank you re: the 7.1 indication.

I agree that Judge Young may want to hear arguments with respect to completeness on June 16. I think June 13 for an opposition is reasonable. Will you be seeking a date for a reply as well or do you envision one round each?

Thanks (and condolences that we are both working at this hour),

Anuj Khetarpal

---

**From:** Jessie Rossman <JRossman@aclum.org>
**Sent:** Sunday, June 8, 2025 11:23 PM
**To:** Khetarpal, Anuj (USAMA) <Anuj.Khetarpal@usdoj.gov>
**Cc:** Rachel Meeropol <rmeeropol@aclu.org>; Shalini Agarwal <shalini.agarwal@protectdemocracy.org>; Sydney Zazzaro <szazzaro@ecbawm.com>; Leah Watson <lwatson@aclu.org>; Max Selver <mselver@ecbawm.com>
**Subject:** [EXTERNAL] Re: Material in advance of meet and confer

Good evening, Anuj,

It is our understanding based on your responses that your clients are claiming deliberative process privilege for all of the materials that we requested in our June 5, 2025 letter. Please let us know by 10am tomorrow what, if any, materials that we requested in our June 5, 2025 letter your clients are asserting were not involved in any challenged termination decision.
It has also been our understanding that your clients are not asserting attorney-client privilege over any of the requested materials; given your citation to *Town of Norfolk* below, however, please confirm that this understanding is correct.

For the purposes of 7.1, we will indicate that your clients oppose our motion for completion hat we will file tomorrow. In light of the scheduled June 16 hearing and our anticipation that the Judge may want to hear arguments with respect to the completeness of the record at that time, we intend to seek expedited briefing in response to our motion for completion with a due date of June 13 for the opposition. Please let us know your position on this request.

Best,
Jessie

---

**From:** Khetarpal, Anuj (USAMA) <Anuj.Khetarpal@usdoj.gov>
**Sent:** Sunday, June 8, 2025 9:45 PM
**To:** Jessie Rossman <JRossman@aclum.org>
**Cc:** Olga Akselrod <oakselrod@aclu.org>; Rachel Meeropol <rmeeropol@aclu.org>; Shalini Agarwal <shalini.agarwal@protectdemocracy.org>; Kenneth Parreno <kenneth.parreno@protectdemocracy.org>; Sydney Zazzaro <szazzaro@ecbawm.com>; Suzanne Schlossberg <SSchlossberg@aclum.org>
**Subject:** RE: Material in advance of meet and confer

Hello Jessie,

Thanks for your patience as I looked into your letter and the other matters in our discussions on June 5 and June 6.

We considered the requests in your June 5 letter and disagree that any of the materials you requested are properly part of the Administrative Record or required to be produced. All of the material you request is either pre-decisional deliberative materials or was not involved in any challenged termination decision. *See Town of Norfolk v. Army Corps of Eng'rs*, 968 F.2d 1438, 1455-58 (1st Cir. 1992) (upholding omission of documents on attorney-client and deliberative process privilege grounds). This includes the forms which you reference in your first category of documents, which we separately discussed on Friday, June 6.

Because privileged documents are not part of the administrative record, there is no need for a privilege log.

Turning to our conversations, you asked about the attachments to the emails located at AR2295 and AR 3820. Both of those emails state that grants in an attached spreadsheet should be terminated. The spreadsheet for AR 2295 is at AR 2296-2302, and the spreadsheet for AR 3820 is at AR 3512-3515. Both of those PDFs are tough to read because of the conversion from Excel to PDF, so we subsequently provided the native excel spreadsheets. Please let me know if you do not have them (they should still be in the Box) and I can reproduce them.

With respect to the February 21 Memo on NIH Priorities, May 7 Staff Guidance, and May 15th Staff guidance, these were not challenged "Directives" raised or properly raised in your Complaint and are not final agency actions. We have produced everything required by the Administrative Record with respect to the challenged Directives and will not be adding these to our certification. Also, as it was not mentioned during our call, the February 21 Memo and cover email can be found at NIH_GRANTS_002929 and 2930.

Thank you,

Anuj Khetarpal
Assistant United States Attorney
U.S. Attorney's Office for the District of Massachusetts
One Courthouse Way | Suite 9200 | Boston, MA 02210
T: (617) 748-3658 | C: (617) 823-6325
Anuj.Khetarpal@usdoj.gov

---

**From:** Jessie Rossman <JRossman@aclum.org>
**Sent:** Thursday, June 5, 2025 12:34 PM
**To:** Khetarpal, Anuj (USAMA) <Anuj.Khetarpal@usdoj.gov>
**Cc:** Olga Akselrod <oakselrod@aclu.org>; Rachel Meeropol <rmeeropol@aclu.org>; Shalini Agarwal <shalini.agarwal@protectdemocracy.org>; Kenneth Parreno <kenneth.parreno@protectdemocracy.org>; Sydney Zazzaro <szazzaro@ecbawm.com>; Suzanne Schlossberg <SSchlossberg@aclum.org>
**Subject:** [EXTERNAL] Material in advance of meet and confer

Anuj,

In advance of our meet and confer this afternoon, please see the attached letter identifying deficiencies in the Administrative Record. Looking forward to speaking with you at 4.

Best,
Jessie

---

**Jessie Rossman**
Pronouns: she/her/hers
Legal Director
American Civil Liberties Union Foundation of Massachusetts
617.482.3170 x337 | jrossman@aclum.org
aclum.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

This email and its attachments are intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential,

proprietary, or exempt from disclosure under applicable law. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, you are strictly prohibited from disclosing, distributing, copying, or in any way using this message. If you have received this communication in error, please immediately notify the sender and delete this communication, any attachments, and all copies from your system and records.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

This email and its attachments are intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, proprietary, or exempt from disclosure under applicable law. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, you are strictly prohibited from disclosing, distributing, copying, or in any way using this message. If you have received this communication in error, please immediately notify the sender and delete this communication, any attachments, and all copies from your system and records.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.