# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION; IBIS REPRODUCTIVE HEALTH; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS (UAW); BRITTANY CHARLTON; KATIE EDWARDS; PETER LURIE; and NICOLE MAPHIS,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH; JAY BHATTACHARYA, *in his official capacity as Director of the National Institutes of Health*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR*., in his official capacity as Secretary of the United States Department of Health and Human Services*,<br><br>*Defendants*. | Case No. 1:25-cv-10787-WGY |

**[PROPOSED] ORDER & JUDGMENT**

Having considered the evidence presented at the partial trial on the merits conducted on June 16, 2025, the Court holds that Plaintiffs have demonstrated that the challenged Directives (specified below) are unlawful under the Administrative Procedure Act, and therefore such Directives are vacated and set aside. Moreover, Plaintiffs have satisfied the requisite factors for permanent injunctive relief.

1

Pursuant to 5 U.S.C. § 706(2) and Fed R. Civ. P. 65, it is hereby **ORDERED** that:

1. The following Directives from the National Institute of Health ("NIH") and U.S. Department of Health & Human Services ("HHS"), referred to collectively as "the Directives," are **DECLARED** unlawful:

    a. The February 10, 2025 directive issued by the Acting Secretary of HHS entitled "Secretarial Directive on DEI-Related Funding." AR0004-05.[1]

    b. The February 12, 2025 memorandum entitled "NIH Review of Agency Priorities Based on the New Administration's Goals." AR0009.

    c. The February 13, 2025 memorandum entitled "Supplemental Guidance to Memo Entitled- NIH Review of Agency Priorities Based on the New Administration's Goals." AR0016.

    d. The February 21, 2025 "Directive on NIH Priorities" entitled "Restoring Scientific Integrity and Protecting the Public Investment in NIH Awards." AR2930-31.

    e. The March 4, 2025 memorandum issued by NIH, entitled "Staff Guidance– Award Assessments for Alignment with Agency Priorities – March 2025." AR2136-42.

    f. The March 13, 2025 directive issued by Michelle Bulls, entitled "Award Revision Guidance and List of Terminated Grants via letter on 3/12." AR1957.

    g. The March 20, 2025 memorandum issued by Sean R. Keveney, the Acting General Counsel at HHS, entitled "Termination of COVID-19 Grants." AR2591.

    h. The March 25, 2025 memorandum issued by NIH, entitled "NIH Grants Management Staff Guidance – Award Assessments for Alignment with Agency Priorities – March 2025." AR3218.

    i. The May 7, 2025 memorandum issued by Michelle Bulls, entitled "NIH Grants Management Staff Guidance – Award Assessments for Alignment with Agency Priorities – DRAFT." AR3547-77.

    j. The May 15, 2025 memorandum issued by Michelle Bulls, entitled "NIH Grants Management Staff Guidance – Award Assessments for Alignment with Agency Priorities – DRAFT." AR3516-46.

    k. Any other directive—including any non-public or undisclosed directives, whether written or unwritten—that pauses, eliminates or withholds NIH funding for

---

[1] References herein to the administrative record produced by Defendants on June 2, 2025 match the page numbers in the record (*e.g.*, "AR0004" corresponds to "NIH_GRANTS_000004").

    previously advertised funding opportunities or previously awarded grants, on the grounds that the funding opportunities or grants relate to a topic deemed by Defendants to "no longer effectuate[] agency priorities." Those topics include, but are not limited to: "DEI"/"Diversity, Equity, and Inclusion," "Equity Objectives," "Transgender Issues," "Gender Identity," "Climate Change," "Countries of Concern, e.g. China or South Africa," "Vaccine Hesitancy," and "COVID-related."

2. Defendants' actions to implement the Directives, including but not limited to the termination of grants and grant programs and withdrawing applications or otherwise refusing review for reasons set forth in the Directives, are **DECLARED** unlawful.

3. Pursuant to 5 U.S.C. § 706(2), the unlawful Directives set forth in Paragraph 1(a)-(k) of this Order are hereby **SET ASIDE AND VACATED**:

    a. All grants and Notices of Funding Opportunity ("NOFOs") shall be returned to the status quo ante, before the Directives were issued, and all efforts to implement the Directives must be unwound;

    b. Accordingly, within seven (7) days of the issuance of this Order, Defendants must reinstate all grants terminated pursuant to the Directives retroactive to the respective termination date and through at least the end of their original project end date, and shall allow no-cost extensions on all reinstated grants where necessary to address the period of project interruption;

    c. Within seven (7) days of the issuance of this Order, Defendants must restore all NOFOs that were unpublished pursuant to the Directives; and

    d. Effective immediately, Defendants must begin to consider all applications withdrawn or for which review was refused pursuant to the Directives as if the Directives were never issued.

4. A **PERMANENT INJUNCTION** is entered in this case:

    a. Defendants are enjoined from implementing the unlawful Directives, including doing so under any other name or guise, against the Plaintiffs and individuals who are Members[2] of Plaintiff American Public Health Association ("APHA") and Plaintiff the International Union, United Automobile, Aerospace, and Agricultural Workers ("UAW").

        i. Forbidden implementation of the unlawful Directives includes, but is not limited to: terminating grants on the basis that they "no longer effectuate agency priorities" in accordance with the Directives; withholding or freezing funds for grants in accordance with the Directives; refusing to process or evaluate applications and proposals in accordance with the Directives; and, unpublishing or allowing NOFOs to expire in accordance with the Directives.

    b. Defendants are ordered to take such steps as are necessary to reverse any implementation or enforcement of the Directives that has occurred or is occurring, with respect to the Plaintiffs and Members, including:

        i. reinstatement of all grants awarded to Plaintiffs and Members that were terminated pursuant to the Directives, retroactive to the respective termination date through at least the end of their original project end date;

---

[2] "Member" refers to all current members of the associational Plaintiffs, American Public Health Association ("APHA") and United Automobile, Aerospace, and Agricultural Implement Workers ("UAW"), including Pre-Members of UAW (individuals for whom UAW is their exclusive bargaining representative in ongoing negotiations with their employer, and who intend to become dues-paying members once a collective bargaining unit is in place).

      ii. allow no-cost extensions on all such reinstated grants where necessary to address the period of project termination; and

      iii. consider all applications by Plaintiffs and Members that were withdrawn or for which review was refused pursuant to the Directives.

c. Within 24 hours of issuance of this Order, Defendants are ordered to provide notice of the contents of the Court's Order to their employees, agents, and anyone acting in concert with them.

d. Effective immediately, for involvement in this litigation in support of Plaintiffs, Defendants are enjoined from retaliating against, or otherwise imposing any negative consequences on: (i) any and all Plaintiffs and Members of APHA and/or UAW; (ii) all people who have submitted a declaration in support of Plaintiffs in this case; and/or (iii) all institutions where Plaintiffs and/or Members of APHA and UAW do their research.

e. The injunction shall remain in effect permanently.

f. Within 7 days of issuance of this Order, Defendants are ordered to file a status report with the Court confirming their compliance with the Court's injunction. Defendants shall file an additional status report two weeks thereafter confirming their compliance with the Court's Order. The Court may order further status reports to be filed thereafter, as needed, until all grants have been reinstated, all NOFOs republished, and all withdrawn applications have been reviewed, to the extent that they are encompassed by this Order.

      i. Defendants shall include in these status reports all steps taken to comply with the Order's requirement to reinstate the grants.

      ii. Defendants shall include in these status reports, unless otherwise specified by this Court in the future, a list of grants that have been terminated between January 20, 2025 and the date of the filing of the status report. For each such listed grant, the following information shall be provided: all fields in the TAGGS HHS Terminated Grants spreadsheet, such as FAIN, the Award Number, the Recipient Name, the Date Terminated, the Total Amount Obligated, the Total Amount Expended, the Total Payment Amount as of Termination, the Unliquidated Obligations as of Termination, the Award Title, the original project end date prior to termination, the amended project end date after termination, the project end date after reinstatement, the original budget end date prior to termination, the amended budget end date after termination, the budget end date after reinstatement, the date of reinstatement, and the total obligated funds available post reinstatement.

      iii. Defendants shall include in these status reports all steps taken to comply with the Order's requirement to review applications that were withdrawn or for which review was refused pursuant to the Directives between January 20, 2025 and the date of filing the status report.

5. Defendants are ordered to pay Plaintiffs' reasonable costs and attorneys' fees, as authorized by 28 U.S.C. § 2412.

6. The Court retains jurisdiction to enforce or modify this Order & Judgment.

SO ORDERED.

Dated: _____

                                                Hon. William G. Young
                                                U.S. District Judge