| | |
|---|---|
| **From:** | Ports, Thomas (CIV) |
| **To:** | Cedrone, Gerard (AGO); Khetarpal, Anuj (USAMA) |
| **Cc:** | Jessie Rossman; Olga Akselrod; Lisa Mankofsky; Kenneth Parreno; Suzanne Schlossberg; Kirschner, Adam; Hughes, Andrew (ATG); Arslanian, Vanessa (AGO); Brown, Rachel (AGO); Daniel.Ambar; Dirks, Katherine (AGO); Emilio.Varanini; Hilary Chan; Luh, James; Kathleen.Boergers; Ketakee.Kane; Kundl, Jak (AGO); Lockhart, Phoebe (AGO); Meredith Trueblood; Drezner, Michael; Neli.Palma; Nimrod.Elias; Pappavaselio, Chris (AGO); Slater, Allyson (AGO); Sophia TonNu; Teresa.ReedDippo; tyler.roberts |
| **Subject:** | RE: NIH Litigation -- Issues with Administrative Record |
| **Date:** | Friday, June 6, 2025 2:22:00 PM |
| **Attachments:** | NIH_GRANTS_004252.pdf |
| | NIH_GRANTS_004253.pdf |

Hi Jerry,

Thank you again for your email. We will file a certification of the administrative record, with corrections. We conducted our own review and found that additional documents NIH intended to include in the record did not get Bates stamped and produced on June 2. We're not entirely sure why, other than the rush to produce and the technical issues that I raised with you on our phone call the afternoon of June 2. Please find specific responses to your points below, and three additional documents that we'll include with the forthcoming certification.

1. You are correct, in the expedited time allowed to compile the administrative record NIH did not have time to create an index of all documents. NIH still does not have time. The relevant staff is compiling the APHA record on an equally expedited timeline, in addition to their other responsibilities. If you have documents in mind that require a title or date to understand, or where a title/date is relevant to APA review, please let me know those documents and I'll check with NIH.

2. NIH is working on an index of documents that were not terminated or failed to renew, and we will include this as part of the certification.

3. Please find NIH's response for each identified entry below:
   a. T34GM136497 – When plaintiffs filed their complaint this grant was active. When NIH collected documents for the AR, there was no grant-specific termination or non-renewal document to include in the record.
   b. U19AI171292 – When plaintiffs filed their complaint this grant had been terminated. Three days later, NIH reinstated the grant and it was active through the end of the project period. We will add the termination document and the re-instatement document.
   c. T32GM144876 – When plaintiffs filed their complaint this grant was active. When NIH collected documents for the AR, there was no grant-specific termination or non-renewal document to include in the record.
   d. R25DA051338 – When plaintiffs filed their complaint this grant was active. When NIH collected documents for the AR, there was no grant-specific termination or non-renewal document to include in the record.
   e. 1T32GM140951-01 – When plaintiffs filed their complaint this grant was active. When NIH collected documents for the AR, there was no grant-specific termination or non-renewal document to include in the record.
   f. 1R01GM151687-01 – When plaintiffs filed their complaint this grant was active. When

NIH collected documents for the AR, there was no grant-specific termination or non-renewal document to include in the record.

g. 75N94023C00001 – This is a non-grant contract. On May 28, 2025, defendants informed plaintiffs that plaintiffs' Excel included non-grant contracts and requested additional information. Plaintiffs did not respond. Accordingly, there is no grant termination record for this entry.

h. 3R01CA190558-07S1 – When plaintiffs filed their complaint this grant was active. When NIH collected documents for the AR, there was no grant-specific termination or non-renewal document to include in the record.

i. 1T34GM154615-01 – When plaintiffs filed their complaint this grant was active. When NIH collected documents for the AR, there was no grant-specific termination or non-renewal document to include in the record.

4. NIH intended to include responses to administrative appeals. One document inadvertently omitted between collection and production was a response to an appeal, dated May 27, 2025. It is attached. The NIH collection of appeal documents occurred on May 27, 2025 thus NIH did not collect the response document that you forwarded (dated May 28) because it did not yet exist. We will add the document that you forwarded.

5. That is a typo that we will correct.

Finally, attached please find additional documents that are part of the record. The certification will also include a copy of the 2024 NIH Policy Statement, but we have not attached that because the file is large and has already been filed on the docket. We wanted to send you these documents as soon as possible, while NIH completes the index of documents that were not terminated or failed to renew and finalizes a certification.

Please do let us know if you identify any other documents that plaintiffs believe were inadvertently omitted.

Best,
Tom

Tom Ports
Trial Attorney
U.S. Department of Justice
202.717.7336

---

**From:** Ports, Thomas (CIV)
**Sent:** Thursday, June 5, 2025 9:49 PM
**To:** Cedrone, Gerard (AGO) <Gerard.Cedrone@mass.gov>; Khetarpal, Anuj (USAMA) <Anuj.Khetarpal@usdoj.gov>
**Cc:** Jessie Rossman <jrossman@aclum.org>; Olga Akselrod <oakselrod@aclu.org>; Lisa Mankofsky <lmankofsky@cspinet.org>; Kenneth Parreno <kenneth.parreno@protectdemocracy.org>; Suzanne Schlossberg <sschlossberg@aclum.org>; Kirschner, Adam <akirschner@oag.state.md.us>; Hughes,

Andrew (ATG) <andrew.hughes@atg.wa.gov>; Arslanian, Vanessa (AGO)
<Vanessa.Arslanian@mass.gov>; Brown, Rachel (AGO) <Rachel.Brown@mass.gov>; Daniel.Ambar
<Daniel.Ambar@doj.ca.gov>; Dirks, Katherine (AGO) <katherine.dirks@mass.gov>; Emilio.Varanini
<Emilio.Varanini@doj.ca.gov>; Hilary Chan <Hilary.Chan@doj.ca.gov>; Luh, James
<JLuh@oag.state.md.us>; Kathleen.Boergers <Kathleen.Boergers@doj.ca.gov>; Ketakee.Kane
<Ketakee.Kane@doj.ca.gov>; Kundl, Jak (AGO) <Jak.Kundl@mass.gov>; Lockhart, Phoebe (AGO)
<Phoebe.Lockhart@mass.gov>; Meredith Trueblood <Meredith.Trueblood@doj.ca.gov>; Drezner,
Michael <mdrezner@oag.state.md.us>; Neli.Palma <Neli.Palma@doj.ca.gov>; Nimrod.Elias
<Nimrod.Elias@doj.ca.gov>; Pappavaselio, Chris (AGO) <Chris.Pappavaselio2@mass.gov>; Slater,
Allyson (AGO) <Allyson.Slater@mass.gov>; Sophia TonNu <Sophia.TonNu@doj.ca.gov>;
Teresa.ReedDippo <Teresa.ReedDippo@doj.ca.gov>; tyler.roberts <tyler.roberts@atg.wa.gov>
**Subject:** RE: NIH Litigation -- Issues with Administrative Record

Hi Jerry,

Thank you for your email. I'll confer with NIH as soon as possible and plan to get back to you
tomorrow.

Best,
Tom

Tom Ports
Trial Attorney
U.S. Department of Justice
202.717.7336

---

**From:** Cedrone, Gerard (AGO) <Gerard.Cedrone@mass.gov>
**Sent:** Thursday, June 5, 2025 5:50 PM
**To:** Ports, Thomas (CIV) <Thomas.Ports@usdoj.gov>; Khetarpal, Anuj (USAMA)
<Anuj.Khetarpal@usdoj.gov>
**Cc:** Jessie Rossman <jrossman@aclum.org>; Olga Akselrod <oakselrod@aclu.org>; Lisa Mankofsky
<lmankofsky@cspinet.org>; Kenneth Parreno <kenneth.parreno@protectdemocracy.org>; Suzanne
Schlossberg <sschlossberg@aclum.org>; Kirschner, Adam <akirschner@oag.state.md.us>; Hughes,
Andrew (ATG) <andrew.hughes@atg.wa.gov>; Arslanian, Vanessa (AGO)
<Vanessa.Arslanian@mass.gov>; Brown, Rachel (AGO) <Rachel.Brown@mass.gov>; Daniel.Ambar
<Daniel.Ambar@doj.ca.gov>; Dirks, Katherine (AGO) <katherine.dirks@mass.gov>; Emilio.Varanini
<Emilio.Varanini@doj.ca.gov>; Hilary Chan <Hilary.Chan@doj.ca.gov>; Luh, James
<JLuh@oag.state.md.us>; Kathleen.Boergers <Kathleen.Boergers@doj.ca.gov>; Ketakee.Kane
<Ketakee.Kane@doj.ca.gov>; Kundl, Jak (AGO) <Jak.Kundl@mass.gov>; Lockhart, Phoebe (AGO)
<Phoebe.Lockhart@mass.gov>; Meredith Trueblood <Meredith.Trueblood@doj.ca.gov>; Drezner,
Michael <mdrezner@oag.state.md.us>; Neli.Palma <Neli.Palma@doj.ca.gov>; Nimrod.Elias
<Nimrod.Elias@doj.ca.gov>; Pappavaselio, Chris (AGO) <Chris.Pappavaselio2@mass.gov>; Slater,
Allyson (AGO) <Allyson.Slater@mass.gov>; Sophia TonNu <Sophia.TonNu@doj.ca.gov>;
Teresa.ReedDippo <Teresa.ReedDippo@doj.ca.gov>; tyler.roberts <tyler.roberts@atg.wa.gov>

**Subject:** [EXTERNAL] NIH Litigation -- Issues with Administrative Record

Tom, Anuj:

I'm writing to raise several issues related to the administrative record.

First, we request that defendants produce an index of documents in the AR. At our conference on Monday, you articulated defendants' position that there was not enough time to prepare an index in advance of the June 2 production. Without waiving any objection to the failure to provide an index on June 2, we request that defendants promptly produce an index that identifies at least the title, date, and associated Bates numbers for each document in the record. Such an index is particularly necessary given the presence in the record of undated documents and/or documents whose identity is not apparent on their face.

Second, defendants' Designation and Certification of Administrative Record, ECF No. 118-1, states that "over 100 entries correspond to grants that are either not terminated or have not failed to renew, including a grant issued by the Agency for Healthcare Research and Quality. Accordingly, there is no grant termination record for those entries." We request that defendants promptly produce an index of those "over 100 entries," identifying which ones defendants assert were "not terminated" and which one defendants assert "have not failed to renew."

Third, we've noticed that the record does not contain termination letters for certain projects that plaintiffs listed on the spreadsheet produced to the court in May. So far we have identified four University of Maryland–Baltimore County grants (T34GM136497, U19AI171292, T32GM144876, R25DA051338), five Rutgers projects (1T32GM140951-01, 1R01GM151687-01, 75N94023C00001 3R01CA190558-07S1), and one TCNJ project (1T34GM154615-01) in this category. Can you please explain the discrepancy? To the extent it was an oversight, we request that defendants supplement the record to include the missing documents.

Fourth, the administrative record includes a number of administrative appeals, but no decisions on those administrative appeals. To the extent the agency has acted on any of the administrative appeals in the record (see, for example, the attached, which resolves the administrative appeal appearing at NIH_GRANTS_002290 et seq.), they should be included in the record. We request that defendants promptly supplement the record as appropriate.

Fifth, there appears to be a material typo in the Designation and Certification of Administrative Record. The document states, at paragraph 7, that "[t]he complete administrative record for 'Challenged Directives 3 and 4, the Lauer Memos' consists of the documents with Bates range NIH_GRANTS_000032 - NIH_GRANTS_003824." Looking at the ARs you produced, we believe it should read ""[t]he complete administrative record for 'Challenged Directives 3 and 4, the Lauer Memos' consists of the documents with Bates range **NIH_GRANTS_000006 - NIH_GRANTS_000032**." The Lauer memoranda appear in in the 000006–00032 page range, and that page range is not otherwise described in the certification as it stands right now. We request that

defendants file a corrected certification.

I am available at your convenience to meet and confer about any of these issues. We are continuing our cross-check of the record reserve the right to raise any additional issues that become apparent in due course.

Thanks,
Jerry

**Gerard J. Cedrone**
Deputy State Solicitor
Massachusetts Attorney General's Office
One Ashburton Place, Boston, MA 02108
(617) 963-2282 | gerard.cedrone@mass.gov