UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> Defendants. | Civil Action No. 25-cv-10814 |

**UPDATED CERTIFICATION OF ADMINISTRATIVE RECORD**

I, Raymond Jacobson, Ph.D., hereby declare and certify as follows:

1. I am employed by the National Institutes of Health (NIH) and serve as the Director, Division of Receipt and Referral, of the Center for Scientific Review (CSR). I have held this position since December 2024 and have been employed by NIH in various capacities since 2009.

2. As the Director, Division of Receipt and Referral, I oversee the Division of Receipt and Referral's functions regarding the receipt and scientific referral of grant applications submitted to NIH and other HHS agencies. In that capacity, I oversee and supervise the NIH staff that compiled the administrative records in this case.

3. NIH produced the Administrative Record in this case on June 2, 2025. Doc No. 118.

4. Three documents that are part of the administrative record were mistakenly omitted from that production. Those documents are attached, bear Bates ranges

1

NIH_GRANTS_003825 - NIH_GRANTS_004254, and are part of the administrative record in this case. NIH provided notice of these additions to plaintiffs in this case and in the related case on June 6, 2025.

5. Additionally, on June 5, 2025, Plaintiffs requested that NIH update the administrative record to include an index of grants that they identified but that NIH had not terminated and that had not failed to renew. NIH agreed, and indexes are attached.

6. The attached document, labeled Exhibit A, contains a list of 90 entries from the spreadsheet Plaintiff provided on May 13 pursuant to a court order ("Plaintiffs' Spreadsheet"). Doc No. 109. NIH did not terminate the grant agreements associated with these entries, and they did not fail to renew during any project period before or after Plaintiffs sued.

7. The attached document, labeled Exhibit B, contains a list of 28 entries from Plaintiffs' Spreadsheet that are not a grant, a contract, or another transaction.

8. The attached document, labeled Exhibit C, contains a list of 7 entries from Plaintiffs' Spreadsheet. These entries are not grants issued by NIH. Six of them are non-grant contracts. And one of them, 5R01HS028024-03, is a grant issued by the Agency for Healthcare Research and Quality.

9. Also on June 5, 2025, Plaintiffs informed NIH of a grant termination that had been omitted from the Administrative Record (U19AI171292). When plaintiffs filed their complaint this grant had been terminated. Three days later, NIH reinstated the grant and it was active through the end of the project period. NIH agreed to add the termination letter and the reinstatement to the record. They are attached and bear Bates numbers NIH_GRANTS_004255 – NIH_GRANTS_004269.

10. Also on June 5, 2025, Plaintiffs informed NIH of an appeal decision that issued after NIH collected documents for the administrative record. NIH agreed to add that document. It is attached and bears Bates number NIH_GRANTS_004270.

11. Finally, on June 5, 2025, Plaintiffs notified NIH of a typo that NIH agreed to correct, as follows: The complete administrative record for "Challenged Directives 3 and 4, the Lauer Memos" consists of the documents with Bates range NIH_GRANTS_000006 - NIH_GRANTS_000031.

In accordance with 28 U.S.C. § 1746 I hereby certify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on June 9, 2025 at Bethesda, MD.

/s/*Raymond Jacobson*

Raymond Jacobson, Ph.D.