UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-10787-WGY |

## MEMORANDUM IN SUPPORT OF APHA PLAINTIFFS' MOTION TO FILE UNDER SEAL THE MAY 27 AND JUNE 13 LISTS OF GRANT TERMINATIONS

Pursuant to Local Rule 7.2, APHA Plaintiffs respectfully request that the lists of terminated grants at issue in this matter submitted to the Court and Defendants on May 27, 2025 and June 13, 2025, *see* ECF No. 118, be filed under seal as attachments to APHA Plaintiffs' forthcoming proposed Rule 54(b) final judgment and to the Court's Rule 54(b) final judgment.

Members of Plaintiffs APHA and UAW ("Members") whose work was supported by grants on these lists have a reasonable fear of retaliation, reputational damage, harassment and threats that could result from their identities—and their involvement in this suit—being revealed publicly. As discussed herein, their privacy interests outweigh the marginal public interest in access to these lists. APHA Plaintiffs' motion for leave to file under seal should therefore be granted.

### LEGAL STANDARD

The right of public access to certain documents filed in civil litigation is "qualified" and the common-law right of access to judicial records "is not absolute." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98

(1978)) (further citation omitted); *see also Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("Though the public's right of access to such materials is vibrant, it is not unfettered."). The trial court has "considerable leeway" in making the decision as to whether presumptively public records should be sealed. *Siedle*, 147 F.3d at 10. Since "[i]mportant countervailing interests can, in given instances, overwhelm the usual presumption and defeat access," a "court must carefully balance the competing interests that are at stake in the particular case." *Id.*; *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410-411 (1st Cir. 1987). Courts have frequently recognized the heightened degree of privacy afforded to nonparties. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022) (citing *Doe v. Trs. of Dartmouth Coll.*, No. 18-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (explaining that nonparty "has a stronger case for anonymity" than party)); *Nwagbaraocha v. Dartmouth-Hitchcock Med. Ctr.*, No. 18-CV-304, 2019 WL 13328427, at *2 (D.N.H. Sept. 16, 2019) (citing *Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *3-4 (M.D.N.C. July 19, 2013) (collecting cases recognizing compelling nature of privacy interest of nonparties)).

## ARGUMENT

The sealing of these lists is warranted in order to protect Members' interests in privacy and to protect them from potential retaliation, reputational damage, harassment and threats that could result from their identities as individuals who challenged the administration's unlawful termination of their grants being revealed publicly. It is well recognized that "privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Standard Fin. Mgmt. Corp.*, 830 F.2d at 411 (quotation marks omitted). Nonparty privacy interests, in particular, are "a venerable common law exception to the

presumption of access" that "weigh heavily in a court's balancing equation." *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013).

Here, the information included in the lists submitted on May 27 and June 13—award numbers and exact titles—can be readily used through a quick Google search to identify Principal Investigators, Co-Principal Investigators, and other researchers on the listed grants. In light of the highly publicized and often contentious nature of litigation against the Trump administration, Members have a credible fear of doxxing, harassment, and threats from potential identification of their involvement in this kind of lawsuit. *See, e.g.*, ECF 34 at 3.  Moreover, Members are concerned about the serious risk of reputational harm and retaliation from future employers should their involvement in this suit be disclosed publicly, as employers could be unwilling to employ persons willing to participate in litigation or who are the subjects of public condemnation for participation in litigation. Further, the information in the lists allows for much easier discernment of the identity of Members as individuals who challenged the administration compared to thousands of pages of the administrative record.

By contrast, the public does not have a strong countervailing interest in learning or being able to discern Members' identities as people who challenged the administration's unlawful termination of their grants. Indeed, Members are *not* parties to the litigation. *See In re Boston Herald*, 321 F.3d 174, 191 (1st Cir. 2003) ("[T]he invasiveness of the disclosure sought here is further intensified" where information sought to be disclosed pertains to nonparties). In balancing the considerations of privacy with the public's right of access, disclosure of information that would risk revealing the identity of Members as people who challenged the administration's unlawful termination of their grants would add little value to the public discourse.

Thus, Members' privacy and reputational interests are sufficiently compelling to overcome the presumptive right of access to the lists submitted to the Court and Defendants on May 27, 2025 and June 13, 2025.

## CONCLUSION

For the reasons herein, APHA Plaintiffs respectfully request that the Court grant their Motion to File Under Seal or, in the event that the Court does not grant the motion, permit them until 12pm on Monday, June 23 to either file the current spreadsheets or potentially file spreadsheets with certain grants removed but none added.[1]

Dated: June 18, 2025

Respectfully submitted,

*/s/ Matthew D. Brinckerhoff*
Matthew D. Brinckerhoff*
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor New York, New York 10020 (212) 763-5000
mbrinckerhoff@ecbawm.com

Jessie J. Rossman (BBO # 670685)
Suzanne Schlossberg (BBO #703914)
**American Civil Liberties Union
  Foundation of Massachusetts, Inc.**
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: (617) 482-3170
jrossman@aclum.org
sschlossberg@aclum.org

---

[1] Under this alternative approach, the potentially updated spreadsheets that Plaintiffs might file would not include any grants in addition to those already provided to Defendants on May 27, 2025 and June 13, 2025.

Olga Akselrod*
Alexis Agathocleous*
Rachel Meeropol*
Alejandro Ortiz*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2659
oakselrod@aclu.org
aagathocleous@aclu.org
rmeeropol@aclu.org
ortiza@aclu.org

Shalini Goel Agarwal*
shalini.agarwal@protectdemocracy.org
**Protect Democracy Project**
2020 Pennsylvania Ave., NW, Ste. 163
Washington, DC 20006
Telephone: (202) 579-4582
shalini.agarwal@protectdemocracy.org

Michel-Ange Desruisseaux*
82 Nassau Street, #601
New York, NY 10038
Michel-ange.desruisseaux@protectdemocracy.org

Kenneth Parreno (BBO #705747)
15 Main Street, Suite 312
Watertown, MA 02472
kenneth.parreno@protectdemocracy.org

Lisa S. Mankofsky*
Oscar Heanue*
**Center for Science in the Public Interest**
1250 I St., NW, Suite 500
Washington, DC 20005
Telephone: (202) 777-8381
lmankofsky@cspinet.org
oheanue@cspinet.org

*Counsel for Plaintiffs*

*\* Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2025 a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

| | |
|---|---|
| June 18, 2025 | /s/ *Matthew D. Brinckerhoff* <br> Matthew D. Brinckerhoff |