UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN PUBLIC HEALTH ASSOCIATION; IBIS REPRODUCTIVE HEALTH; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS (UAW); BRITTANY CHARLTON; KATIE EDWARDS; PETER LURIE; and NICOLE MAPHIS,

*Plaintiffs*,

v.

NATIONAL INSTITUTES OF HEALTH; JAY BHATTACHARYA, *in his official capacity as Director of the National Institutes of Health*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR*., in his official capacity as Secretary of the United States Department of Health and Human Services*,

*Defendants*.

Case No. 1:25-cv-10787-WGY

**SUPPLEMENTAL POST-TRIAL BRIEF ON SCOPE OF VACATUR**

*Assuming "set aside" means "to vacate" "then the remedy that Congress has provided as a condition of its delegation to the agency . . . is an indivisible remedy that benefits others."*

- Gen. D. John Sauer, Solicitor General, Dep. of Justice[1]

With the Court's permission, *APHA* Plaintiffs submit this post-trial brief to provide additional precedent regarding the scope of vacatur under the Administrative Procedure Act ("APA"), and to identify newly available record cites for key factual assertions made in *APHA* Plaintiffs' pre-trial briefing.[2]

I.   **The Scope of Vacatur Under 706(2)**

5 U.S.C. § 706(2) directs courts to "hold unlawful and set aside agency actions, findings, and conclusions found to be (A) arbitrary [and] capricious . . .".   The law is clear that "setting aside" agency action means "vacating" that action, and "[w]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed." *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 831 (2024) (Kavanaugh, J., concurring) (quoting *Harmon v. Thornburgh,* 878 F.2d 484, 495, n. 21 (D.C. Cir. 1989)); (citing *Department of Homeland Security v. Regents of Univ. of Cal.,* 591 U.S. 1, 36, and n. 7 (2020); *Whitman v. American Trucking Assns., Inc.,* 531 U.S. 457, 486 (2001); *Board of Governors, FRS v. Dimension Financial Corp.,* 474 U.S. 361, 364–365 (1986)).

---

[1] Transcript of Oral Argument at 73, *Trump v. Casa, Inc*. Case No. 24A884, available at www.supremecourt.gov/oral_arguments/argument_transcripts/2024/24a884_c07d.pdf
[2] Plaintiffs do not submit this brief in an attempt to seek reconsideration of the Court's oral ruling, but rather to provide additional analysis regarding the permissible scope of vacatur, in case it is helpful for the Court's future opinions and orders.

So too, setting aside the *implementation* of arbitrary and capricious agency action need not be limited to that which impacts individual petitioners. In *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1 (9th Cir. 2025), for example, the court considered a challenge by several environmental protection organizations to a Bureau of Land Management policy governing oil and gas lease sales. The court affirmed not only the district court's setting aside of the agency policy, but also vacatur of 158 leases sold under the policy, requiring the return of $36 million in lease revenue to the purchasers, including individuals who were not a party to the case nor members of the Intervenor association. *Id.* at 51-52.

That section 706(2) contemplates setting aside agency implementation of an invalid rule that reaches beyond the parties has also been considered and endorsed by the D.C. Circuit, the court that "handles the lion's share of the country's administrative law cases[.]" *Corner Post,* 603 U.S. at 831 (Kavanaugh, J., concurring). In *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146 (D.C. Cir. 1993), which established the factors for a court to consider when deciding between remand with or without vacatur, the court based its remand-decision on the fact that vacatur of the specific rule at issue would have required refund of *all the fees* collected under the rule, including fees collected from non-parties. *Id.* at 151; *see also Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, 132 F.4th 535, 542 (D.C. Cir. 2025) (recognizing that vacatur can include refund of fees or redistribution of funds across regulated parties).

This reality—that "agency action taken under a void rule has no legal effect," *W.C. v. Bowen*, 807 F.2d 1502, 1505 (9th Cir. 1987), and thus can be set aside, does not give rise to the concerns that are sometimes aired with respect to nationwide injunctions, because "'[u]nlike judicial review of statutes, in which courts enter judgments and decrees only against litigants, the APA' and related statutory review provisions 'go further by empowering the judiciary to act

directly against the challenged agency action.'" *Corner Post, Inc*, 603 U.S. at 838 (Kavanaugh, J., concurring), *quoting* J. Mitchell, The Writ-of-Erasure Fallacy, 104 Va. L. Rev. 933, 1012 (2018). That "Congress has rarely authorized courts to act directly on federal statutes or to prohibit their enforcement against nonparties," stands in contrast to "*the text of the APA* [that] . . . authorizes vacatur of agency rules.*" Id.* (emphasis added).

For these reasons, the Court has discretion to enter judgment setting aside *all* terminations made under the Directives it has found to be unlawful.

## II.     Citations to the Administrative Record

As previewed during the June 16, 2025 hearing, *APHA* Plaintiffs provide below relevant citations to the administrative record documents that Defendants produced on the afternoon of June 13, 2025, and which could not, therefore, be included in *APHA* Plaintiffs' opening or responsive brief.  These are merely examples; they are not exhaustive.

<u>NIH termination of programs designed to implement congressional mandates to diversify the bio-medical research field:</u>

- AR4304-09; AR 4312; AR 4319; AR 4690, 4694; AR 4721-22 (termination of Maximizing Opportunities for Scientific and Academic Independent Careers "MOSAIC" grants)
- AR3741, 3788, 3794, 3796, 3797, 3798 (termination of Minority Access to Research Careers "MARC" grants)
- AR3708, 3709, 3710, 3766, 3767, 3768, 3769, 3774 (termination of Institutional Research and Academic Career Development Awards "IRACDA" grants)
- AR6955 (termination of Faculty Institutional Recruitment for Sustainable Transformation "FIRST" grants)
- AR6956 (termination of Community Partnerships to Advance Science for Society "COMPASS" grants)
- AR3803 (termination of Advancing Research Careers "ARC" grants)
- AR3730, 3732, 3733, 3791, 3793, 3800 (terminations of Graduate Research Training Initiative "G-RISE" grants)
- AR3762, 3764 (termination of NRSA Individual Predoctoral Fellowship to Promote Diversity in Health-Related Research "Parent F31 Diversity" grants)

- AR4540 (termination of Initiative for Maximizing Student Development "IMSD" grant)
- AR3746, 3787 (termination of Bridges to the Baccalaureate grants)

Plaintiffs' Revised Notices of Award and Termination Letters

- AR4505 (termination of Brittany Charlton grant:1R61HD117134-01 "Supportive and restrictive factors and mental health in LGBT adolescent and young adult populations")
- AR4810, 4807, 6712 (termination of Brittany Charlton grant: 5R01MD015256-05 "Sexual orientation-related disparities in obstetrical and perinatal health")
- AR4790, 4787, 5879 (termination of Ibis Reproductive Health grant 5R01HD109320-02 ("Advancing novel survey tools to increase participation and improve sexual and reproductive health data quality")
- AR4817 (termination of Katie Edwards grant 5R01MD016384-03 "An Innovative, Prospective Model to Understand Risk and Protective Factors for Sexual Assault Experiences and Outcomes Among Sexual Minority Men")

Examples of NIH termination letters based on Covid:

- AR 4535, AR5706 AR5246, AR5653, AR5674

Program Officer termination checklist:

- AR6963 (Form for NICHD Program Officer assessment of pending grant awards or actions, lacking definitions of forbidden topics and stating that "[n]o details are necessary")

Dated: June 19, 2025

Shalini Goel Agarwal
shalini.agarwal@protectdemocracy.org
**Protect Democracy Project**
2020 Pennsylvania Ave., NW, Ste. 163
Washington, DC 20006
202-579-4582
shalini.agarwal@protectdemocracy.org

Michel-Ange Desruisseaux
82 Nassau Street, #601
New York, NY 10038
michel-ange.desruisseaux@protectdemocracy.org

Kenneth Parreno
15 Main Street, Suite 312
Watertown, MA 02472
kenneth.parreno@protectdemocracy.org

Lisa S. Mankofsky
Oscar Heanue
**Center for Science in the Public Interest**
1250 I St., NW, Suite 500
Washington, DC 20005
202-777-8381
lmankofsky@cspinet.org
oheanue@cspinet.org

Respectfully submitted,

*/s/ Rachel Meeropol*
Rachel Meeropol
Olga Akselrod
Alexis Agathocleous
Alejandro Ortiz
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
212-549-2659
oakselrod@aclu.org
aagathocleous@aclu.org
rmeeropol@aclu.org
ortiza@aclu.org

Jessie J. Rossman
Suzanne Schlossberg
**American Civil Liberties Union Foundation of Massachusetts, Inc.**
One Center Plaza, Suite 801
Boston, MA 02018
617-482-3170
jrossman@aclum.org
sschlossberg@aclum.org

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2025, a true and correct copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

June 19, 2025


*/s/ Rachel Meeropol*
Rachel Meeropol