UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*,

*Plaintiffs*,

v.

NATIONAL INSTITUTES OF HEALTH, *et al.*,

*Defendants*.

Case No. 1:25-cv-10787-WGY

**APHA PLAINTIFFS' OPPOSITION TO DEFENDANTS' JUNE 20 REQUEST FOR AN EXPEDITED DEADLINE FOR PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

APHA Plaintiffs oppose Defendants' last-minute request to expedite the briefing schedule on their purported motion to dismiss the Phase 2 portion of APHA Plaintiffs' case. ECF No. 130 at 2. This Court should deny Defendants' request for two reasons.

First, and as a threshold matter, Defendants should not be permitted to file another motion to dismiss the APHA Plaintiffs' Phase 2 claims because this Court has already ruled on and rejected any such motion. *See* ECF No. 84 at 40 ("Accordingly, the Public Officials' motion to dismiss is DENIED as to Count V."), 43–44 ("For the reasons stated above, the Motion to Dismiss, ECF No. 66, is ALLOWED in part as to Counts IV, VI, and VII, which are dismissed without prejudice, and DENIED in part as to the remaining Counts."); *see also* ECF No. 89 at Tr. 24:10-13 (the Court stating on June 3, 2025 that "I've treated [Defendants'] argument as a motion to dismiss and I've ruled on it."). APHA Plaintiffs' Count V asserts that Defendants unlawfully withheld and unreasonably delayed consideration of submitted grant applications. *See* ECF No. 1 at 74. As this

Court previously noted, APHA Plaintiffs "allege that NIH has not only withheld decisions on pending applications, but also removed submitted applications from study sections and withheld Notices of Award from previously approved submissions." ECF No. 84 at 39. This Court held that Defendants' "motion to dismiss [wa]s denied as to Count V" because APHA Plaintiffs plausibly alleged that Defendants "have failed, and given some indication that they will continue to fail, to complete their required task of evaluating all grant applications properly submitted and either approving, deferring, or disapproving them." *Id.* at 40. To the extent that the Court does not address APHA Plaintiffs' applicant-related claims that are lodged in Counts I and III under 5 U.S.C. §706(2) in Phase 1 and reserves judgment on those claims for Phase 2, the Court has likewise also denied the motion to dismiss as to those counts. *See* ECF No. 84 at 2, 43–44. Defendants' attempt to now take a second bite at the apple should be denied.

Second, this Court should reject Defendants' last-minute request to change the schedule that was based on their proposal to the Court and that has been finalized since June 3, 2025. On May 29, Defendants proposed a 10-day deadline for oppositions to their motions to dismiss in a filing in *Commonwealth of Massachusetts v. Kennedy*, No. 1:25-cv-10814-WGY (D. Mass.). *See Massachusetts,* ECF No. 113 at 4. On June 3, 2025, this Court adopted that schedule, along with a requirement that Defendants produce an administrative record by July 9, 2025, without any objection from Defendants. *See* ECF No. 87; *see also* ECF No. 89 Tr. 16:12–18:17. Defendants have known about the time frame between the deadline for their motion to dismiss and their deadline to produce the administrative record—what they state is the "most important" factor in their motion to expedite, ECF No. 130 at 2—for more than two weeks. And yet, at no point prior to 12:36 pm ET today did Defendants propose altering the entered schedule either with APHA Plaintiffs or this Court. This Court should therefore reject Defendants' eleventh-hour attempt to

2

shorten the time APHA Plaintiffs have to file any necessary opposition to Defendants' motion to dismiss.

For the foregoing reasons, APHA Plaintiffs respectfully request that the Court reject Defendants' attempt to file another motion to dismiss on claims this Court has already ruled on and deny Defendants' request to shorten the deadline by which APHA Plaintiffs may respond to Defendants' purported motion to dismiss any Phase 2 claims.  To the extent that the Court permits Defendants to proceed with that purported motion to dismiss in this case, APHA Plaintiffs respectfully reserve the right to file an opposition to address any arguments raised by Defendants in that motion.

Dated: June 20, 2025

Respectfully submitted,

Jessie J. Rossman (BBO # 670685)
Suzanne Schlossberg (BBO #703914)
**American Civil Liberties Union
 Foundation of Massachusetts, Inc.**
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: (617) 482-3170
jrossman@aclum.org
sschlossberg@aclum.org

Olga Akselrod*
Alexis Agathocleous*
Rachel Meeropol*
Alejandro Ortiz*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2659
oakselrod@aclu.org
aagathocleous@aclu.org
rmeeropol@aclu.org
ortiza@aclu.org

Shalini Goel Agarwal*

3

shalini.agarwal@protectdemocracy.org
**Protect Democracy Project**
2020 Pennsylvania Ave., NW, Ste. 163
Washington, DC 20006
Telephone: (202) 579-4582
shalini.agarwal@protectdemocracy.org

Michel-Ange Desruisseaux*
82 Nassau Street, #601
New York, NY 10038
Michel-ange.desruisseaux@protectdemocracy.org

*/s/ Kenneth Parreno*
Kenneth Parreno (BBO #705747)
15 Main Street, Suite 312
Watertown, MA 02472
kenneth.parreno@protectdemocracy.org

Lisa S. Mankofsky*
Oscar Heanue*
**Center for Science in the Public Interest**
1250 I St., NW, Suite 500
Washington, DC 20005
Telephone: (202) 777-8381
lmankofsky@cspinet.org
oheanue@cspinet.org

*Counsel for Plaintiffs*


Matthew D. Brinckerhoff*
**Emery Celli Brinckerhoff Abady Ward & Maazel LLP**
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
mbrinckerhoff@ecbawm.com


* *Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2025 a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

June 20, 2025                                                        /s/ *Kenneth Parreno*
                                                                   Kenneth Parreno