UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
AMERICAN PUBLIC HEALTH ASSOCIATION;)
IBIS REPRODUCTIVE HEALTH;        )
INTERNATIONAL UNION, UNITED       )
AUTOMOBILE, AEROSPACE, AND        )
AGRICULTURAL IMPLEMENT            )
WORKERS (UAW); BRITTANY CHARLTON; )
KATIE EDWARDS; PETER LURIE; and   )
NICOLE MAPHIS,                    )
                                  )
              Plaintiffs,         )   CIVIL ACTION NO.
        v.                        )   25-10787-WGY
                                  )
NATIONAL INSTITUTES OF HEALTH;    )
JAY BHATTACHARYA, in his official )
capacity as Director of the       )
National Institutes of Health;    )
UNITED STATES DEPARTMENT OF HEALTH )
AND HUMAN SERVICES; and ROBERT F. )
KENNEDY, JR., in his official     )
capacity as Secretary of the      )
United States Department of Health )
and Human Services,               )
                                  )
              Defendants.         )
_____  )


_____
                               )
COMMONWEALTH OF MASSACHUSETTS;   )
STATE OF CALIFORNIA; STATE OF    )
MARYLAND; STATE OF WASHINGTON;   )
STATE OF ARIZONA; STATE OF       )
COLORADO; STATE OF DELAWARE;     )
STATE OF HAWAI'I; STATE OF       )
MINNESOTA; STATE OF NEVADA;      )
STATE OF NEW JERSEY; STATE OF    )
NEW MEXICO; STATE OF NEW YORK;   )
STATE OF OREGON; STATE OF RHODE  )
ISLAND; and STATE OF WISCONSIN,  )
                                 )
                                 )
                                 )
```

```
                    Plaintiffs,      )    CIVIL ACTION NO.
              v.                     )    25-10814-WGY
                                     )
ROBERT F. KENNEDY, JR., in his       )
official capacity as Secretary of    )
Health and Human Services;           )
UNITED STATES DEPARTMENT OF          )
HEALTH AND HUMAN SERVICES;           )
JAYANTA BHATTACHARYA, in his         )
official capacity as Director of     )
the National Institutes of Health;   )
NATIONAL INSTITUTES OF HEALTH;       )
NATIONAL CANCER INSTITUTE;           )
NATIONAL EYE INSTITUTE;              )
NATIONAL HEART, LUNG, AND BLOOD      )
INSTITUTE; NATIONAL HUMAN GENOME     )
RESEARCH INSTITUTE; NATIONAL         )
INSTITUTE ON AGING; NATIONAL         )
INSTITUTE ON ALCOHOL ABUSE AND       )
ALCOHOLISM; NATIONAL INSTITUTE       )
OF ALLERGY AND INFECTIOUS            )
DISEASES; NATIONAL INSTITUTE OF      )
ARTHRITIS AND MUSCULOSKELETAL AND    )
SKIN DISEASES; NATIONAL              )
INSTITUTE OF BIOMEDICAL IMAGING      )
AND BIOENGINEERING; EUNICE KENNEDY   )
SHRIVER NATIONAL INSTITUTE OF        )
CHILD HEALTH AND HUMAN               )
DEVELOPMENT; NATIONAL INSTITUTE      )
ON DEAFNESS AND OTHER                )
COMMUNICATION DISORDERS;             )
NATIONAL INSTITUTE OF DENTAL         )
AND CRANIOFACIAL RESEARCH;           )
NATIONAL INSTITUTE OF DIABETES       )
AND DIGESTIVE AND KIDNEY             )
DISEASES; NATIONAL INSTITUTE         )
ON DRUG ABUSE; NATIONAL              )
INSTITUTE OF ENVIRONMENTAL           )
HEALTH SCIENCES; NATIONAL            )
INSTITUTE OF GENERAL MEDICAL         )
SCIENCES; NATIONAL INSTITUTE OF      )
MENTAL HEALTH; NATIONAL INSTITUTE    )
ON MINORITY HEALTH AND HEALTH        )
DISPARITIES; NATIONAL INSTITUTE      )
OF NEUROLOGICAL DISORDERS AND        )
STROKE; NATIONAL INSTITUTE OF        )
NURSING RESEARCH; NATIONAL LIBRARY   )
```

[2]

OF MEDICINE; NATIONAL CENTER FOR )
ADVANCING TRANSLATIONAL SCIENCES; )
JOHN E. FOGARTY INTERNATIONAL )
CENTER FOR ADVANCED STUDY )
IN THE HEALTH SCIENCES; NATIONAL )
CENTER FOR COMPLEMENTARY AND )
INTEGRATIVE HEALTH; and CENTER )
FOR SCIENTIFIC REVIEW, )
                                  )
                Defendants.       )
_____ )

YOUNG, D.J.                              June 24, 2025

### ORDER

After careful consideration, the Court denies the motions for stay.

**1. This Court has subject matter jurisdiction**

The issue of this Court's subject matter jurisdiction has been fully addressed in its opinion Massachusetts v. Kennedy, No. CV 25-10814-WGY, 2025 WL 1371785, at *3 (D. Mass. May 12, 2025) and it would be superogatory to rehearse it here.

Significantly, the defendants raise no question about the full trial they have been accorded under the Administrative Procedure Act nor about either this Court's findings of fact[1]

_____

[1] *You have to listen to the bastards, Austin. They might just have something.*

                            -Hon. Franklin H. Ford

                . . .

        Judicial fact-finding is … rigorous.
        Necessarily detailed, judicial fact-finding
        must draw logical inferences from the

record, and, after lucidly presenting the
subsidiary facts, must apply the legal
frame-work in a transparent written or oral
analysis that leads to a relevant
conclusion. Such fact-finding is among the
most difficult of judicial tasks. It is
tedious and demanding, requiring the
entirety of the judge's attention, all her
powers of observation, organization, and
recall, and every ounce of analytic common
sense he possesses. Moreover, fact-finding
is the one judicial duty that may never be
delegated to law clerks or court staff.
Indeed, unlike legal analysis, many judges
will not even discuss fact-finding with
staff, lest the resulting conclusions morph
into judgment by committee rather than the
personal judgment of the duly constituted
judicial officer.

   Fair and impartial fact-finding is
supremely important to the judiciary…

   While trial court legal analysis is
appropriately constrained by statutes and
the doctrine of stare decisis, the true
glory of our trial courts, state and
federal, is their commitment to fair and
neutral fact-finding. Properly done, facts
found through jury investigation or judicial
analysis truly are "like flint."

   Yet there has been virtual abandonment
by the federal judiciary of any sense that
its fact-finding processes are exceptional,
or due any special deference. Federal
district court judges used to spend their
time on the bench learning from lawyers in
an adversarial atmosphere, and overseeing
fact-finding by juries or engaging in it
themselves. This was their job and they were
proud of it. Today, judges learn more
reflectively, reading and conferring with
law clerks in chambers. Their primary
challenge is the proper application of the
law to the facts—facts that are either taken
for granted, or sifted out of briefs and
affidavits, and, in the mode of the European
civil justice systems, scrutinized by judges

[4]

upon a comprehension and largely undisputed record of decision

nor about this Court's rulings of law.[2]

### 2. A stay would cause irreparable harm to the plaintiffs

This is a case in equity concerning health research already

bought and paid for by the Congress of the United States through

funds appropriated for expenditure and properly allocated during

this fiscal year. Even a day's delay further destroys the

unmistakable legislative purpose from its accomplishment.

### 3. The balance of the equities strongly militates against a stay.

Again, it is worth noting that no question is here raised

in the motions for stay about the scope of this Court's

declarations under the APA. They are limited to the particular

grants identified by the parties with standing before this Court

which were arbitrarily and capriciously terminated by the

defendants.[3]

---

and clerks behind closed doors. While judges
do talk to lawyers in formal hearings, these
hearings can be short, and usually serve to
test and confirm a judge's understanding
rather than develop it.

William G. Young, A Lament for What Was Once and Yet Can Be, 32
B.C. Int. & Comp. L. Rev. 312-314 (2009) (footnotes omitted)

[2] The full written decision will soon follow.

[3] Indeed, the Court notes with approbation that the NIH and
related defendants appear to be - now that the law is clearly
declared – moving quietly and expeditiously (this Court said
"forthwith") to restore the specific terminated grants, see
https://www.masslive.com/news/2025/06/20-nih-grants-restored-to-
umass-system-after-judge-rules-against-trump-admin.html.

While the grant of a stay would throw the entire process into limbo during the course of the appeal, its denial means only that the executive defendants must comply with the Act of Congress rather than sequestering funds (probably forever) during the course of the appeal.

Far, far better were the defendants to seek expedited briefing and review so that a precedential decision may issue with ramifications beyond these parties and these grants.

**SO ORDERED.**

WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[4]

_____

This is how our government ought function without demeaning injunctive orders.

[4] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 47 years.

[6]