**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-10814-WGY |
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-10787-WGY |

**DESIGNATION AND CERTIFICATION OF ADMINISTRATIVE RECORDS**

I, Raymond Jacobson, Ph.D., hereby declare and certify as follows:

1. I am employed by the National Institutes of Health (NIH) and serve as the

Director, Division of Receipt and Referral, of the Center for Scientific Review. I have held this

position since December 2024 and have been employed by NIH in various capacities since 2009.

2. As the Director, Division of Receipt and Referral, I oversee the Division of

Receipt and Referral's functions regarding the receipt and scientific referral of grant applications

submitted to NIH and other HHS agencies. In that capacity, I am aware of the process by which

1

the agency compiled the administrative records in this case. To the best of my knowledge, information, and belief, the records described below and shared with plaintiffs on July 9, 2025 constitute the true, accurate, and complete administrative records for Defendants' alleged delay in scheduling meetings and processing grant applications. Each document is a true and correct copy of a record retained in the files of the Department of Health and Human Services and the National Institutes of Health. Certain documents are redacted to remove confidential information (as in grant applications, grant review documents, and documents that contain information about other grants not at issue here), or to remove other deliberative and pre-decisional materials that are not part of the records.

3.    The first administrative record contains the administrative record for plaintiffs' allegations that Defendants generally failed to hold meetings and to decide applications as required by plaintiffs' interpretation of the law. The complete "general" record consists of documents with Bates range P2AR_000001-1141.

4.    The second through seventh records contain the administrative record for plaintiffs' allegations that Defendants failed to consider and decide applications identifiable by Defendants from allegations in plaintiffs' complaints. They consist of the following Bates ranges:

   a.    The complete administrative record for the application titled "Elucidation of the mechanisms by which Ms4a genes regulate neurodegeneration in Alzheimer's Disease and related disorders," identified in the States' amended complaint, ¶ 145, consists of documents with Bates range P2AR_011412-1225.

   b.    The complete administrative record for the application titled "Role of Neural Excitatory Inhibitory Balance on the Spread of Pathological Tau in Alcohol Dependence," identified from APHA's complaint, ¶¶ 16, 165-66, Ex. 21, consists

of documents with Bates range P2AR_01226-1337. Consideration of this application stopped when the program under which the application was submitted was terminated because that program no longer effectuated agency priorities. I have been advised that the Court has already issued final judgment about the lawfulness of the "challenged directives" in Phase 1 of this case. Defendants therefore have not included a record for the challenged directives and do not intend to produce additional administrative records for Phase 1.

c.  The complete administrative record for the application titled "Structural racism, embodied histories, and the continued impacts of Jim Crow on contemporary health inequities," identified from Exhibit 28 to APHA's complaint, consists of documents with Bates range P2AR_01338-1491.

d.  The complete administrative record for the applications titled "Molecular causes and physiological and behavioral consequences of extreme glucocorticoid levels in Peromyscus mice," identified from APHA's complaint, ¶ 170 and Exhibit 37, consists of documents with Bates range P2AR_01492-1717. Consideration of one of these applications stopped when the program under which it was submitted was terminated because that program no longer effectuated agency priorities. I have been advised that the Court has already issued final judgment about the lawfulness of the "challenged directives" in Phase 1 of this case. Defendants therefore have not included a record for the challenged directives and do not intend to produce additional administrative records for Phase 1.

e.  The complete administrative record for the application titled "k-mer based local uniqueness exploration," identified from Exhibit 40 to APHA's complaint,

3

consists of documents with Bates range P2AR_01718-1793. The agency stopped

considering this application because the agency determined that the proposed

research does not effectuate agency priorities. I have been advised that the Court

has already issued final judgment about the lawfulness of the "challenged

directives" in Phase 1 of this case. Defendants therefore have not included a

record for the challenged directives and do not intend to produce additional

administrative records for Phase 1.

f.  The complete administrative record for the application titled "Validation of social

disclosures for sexual violence among SGM individuals," identified from Exhibit

34 to APHA's complaint, consists of documents with Bates range P2AR_01718-

1888. Consideration of this application for supplemental funding stopped when

the grant for which the supplement was sought was terminated because that grant

no longer effectuated agency priorities. I have been advised that the Court has

already issued final judgment about the lawfulness of the "challenged directives"

in Phase 1 of this case. Defendants therefore have not included a record for the

challenged directives and do not intend to produce additional administrative

records for Phase 1.

In accordance with 28 U.S.C. § 1746 I hereby certify and declare under penalty of perjury that

the foregoing is true and correct to the best of my knowledge, information and belief.


Executed on July 9, 2025 at Bethesda, MD.

/s/_Raymond Jacobson_

Raymond Jacobson, Ph.D.