UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION; IBIS REPRODUCTIVE HEALTH; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS (UAW); BRITTANY CHARLTON; KATIE EDWARDS; PETER LURIE; and NICOLE MAPHIS,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH; JAY BHATTACHARYA, *in his official capacity as Director of the National Institutes of Health*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR*., in his official capacity as Secretary of the United States Department of Health and Human Services*,<br><br>*Defendants*. | Case No. 1:25-cv-10787-WGY |

**JOINT PROPOSED SCHEDULE FOR DEFENDANTS' COMPLETION OF PHASE 2 ADMINISTRATIVE RECORD, PRE-HEARING BRIEFS, AND TRIAL**

Counsel for Plaintiffs and Defendants have met and conferred regarding the schedule for Phase 2 of these proceedings, which concerns Plaintiffs' claims that Defendants administratively withdrew, refused to review, or unreasonably delayed Plaintiffs' and their members' grant applications in violation of 5 U.S.C. § 706(1) and (2).

The parties have reached an agreement concerning Defendants' completion of the administrative record, which Defendants produced on July 9, 2025 ("July 9 AR"). The parties

also submit separate proposals for a schedule for Phase 2 proceedings, including pre-trial briefs and trial.

I. **Completion of the Phase 2 Administrative Record**

The parties have agreed that, to complete the Phase 2 administrative record, Defendants will produce a Certification from an NIH official attesting to the following information about each of the grant applications on the list that Plaintiffs provided to Defendants on June 30, 2025 (the "APHA Applications List"), and each of the Notices of Funding Opportunity ("NOFOs") on a list that Plaintiffs will provide to Defendants by July 29, 2025 (the "NOFO List"):

A. **For Each Application on the APHA Applications List that NIH Has Administratively Withdrawn:** Defendants will produce a Certification attesting that either:

1. NIH administratively withdrew the grant application pursuant to the Challenged Directives[1] because it no longer aligned with agency priorities; or

2. NIH administratively withdrew the grant application for reasons other than the Challenged Directives [NIH to provide an explanation under oath].

B. **For Each Application on the APHA Applications List that NIH Has Denied:** Defendants will produce a Certification attesting that either:

---

[1] The term "Challenged Directives" refers to the Directives identified in Paragraphs 1(a)-(k) of the Partial Final Judgment on Phase 1 of this case. ECF No. 138.

1. NIH decided not to fund the grant application pursuant to the Challenged Directives because it no longer aligned with agency priorities; or

2. NIH decided not to fund the grant application for reasons other than the Challenged Directives [NIH to provide an explanation under oath].

C. **For Each Application on the APHA Applications List that NIH Decided to Award, Defendants will produce a Certification attesting that:** "NIH decided to fund the application and issued [or is issuing within thirty days] a Notice of Award."

D. **For Each Competing Application on the APHA Applications List that Is Still Under NIH Review:** Defendants will produce a Certification attesting that:

1. NIH has not yet made a decision to withdraw, deny, or award this application.

2. NIH delayed its consideration of this and all other grant applications because of the Notice of Pause Directive.

    a. There were no additional delays pursuant to the Challenged Directives; or

    b. This application was further delayed pursuant to the Challenged Directives for review of alignment with agency priorities by [identify each action of further delay].

3. NIH subsequently resumed consideration of applications, including this one, on [DATE]. The actions[2] NIH has taken to review this application since resuming consideration are [identify each action and the date it occurred]. The next action that NIH intends to take on the application is [identify next intended action and projected date]. [NIH will state whether it may apply the Challenged Directives to this application, absent further Court order or judgment].

E. **For Each Non-Competing Application on the APHA Applications List that Is Still Under NIH Review:** Defendants will produce a Certification attesting that:

1. NIH has not yet made a decision to deny or award this application.

2. NIH delayed its consideration of this application pursuant to the Challenged Directives for review of alignment with agency priorities [NIH will identify the length of delay].

3. The last budget period ended on [date].

4. The next action NIH intends to take on the application [award, negotiate, or deny]. [NIH will state whether it may apply the Challenged Directives to this application, absent further Court order or judgment].

F. **For Each NOFO on the NOFO List that NIH Has Withdrawn:** Defendants will produce a Certification attesting that either:

---

[2] The parties intend for the word "actions" to include, but not be limited to, (i) meetings held at which the application was considered; (ii) the removal of an application from a study section; (iii) continuing a pause in considering the application after other applications began to be considered again; (iv) withholding a decision on the application; and (v) withholding a Notice of Award.

1. NIH withdrew the NOFO pursuant to the Challenged Directives because it no longer aligned with agency priorities; <u>or</u>

2. NIH withdrew the NOFO for reasons other than the Challenged Directives [NIH will provide a short explanation, under oath].

G. **For Entries on the APHA Applications List or NOFO List that Cannot Be Identified**: Defendants will produce a Certification attesting that: "This entry was not recognizable as an NIH application or NOFO." Prior to the certification deadline, Defendants agree to use best efforts to notify Plaintiffs on each Friday following the filing of this joint statement if it has determined that it cannot identify an entry on the APHA Applications List or NOFO List.

Provided that Defendants produce a Certification consistent with the terms above, Plaintiffs agree not to seek further completion of the administrative record with respect to grant applications and NOFOs in items A.1, B.1, C, D, and E and F.1. Plaintiffs reserve the right to seek completion of the administrative record with respect to grant applications and NOFOs in items A.2, B.2, F.2, and G.

The parties have also negotiated a joint motion for a Protective Order to facilitate Defendants' production of documents to Plaintiffs in unredacted form that Defendants produced in redacted form with the July 9 AR. The parties anticipate filing that motion imminently.

II. **Certification, Briefing, and Trial Schedule**

The parties, respectively, propose the following schedules for Phase 2 of these proceedings:

5

Plaintiffs' Proposal:

| | |
|---|---|
| Plaintiffs produce supplemental spreadsheet of delayed or withdrawn applications and NOFOs ("Supplemental List") | August 4, 2025 |
| Defendants Produce Certification Described in Section I for APHA Applications List and NOFO List | August 15, 2025 |
| Defendants Produce Certification Described in Section I for Supplemental List | August 25, 2025 |
| Pre-Trial Briefs Due | August 29, 2025 |
| Pre-Trial Response Briefs Due | September 9, 2025 |
| Trial | September 11, 2025 |

Defendants' Proposal:

| | |
|---|---|
| Defendants Produce Certification Described in Section I for APHA Applications List and NOFO List | August 22, 2025 |
| Pre-Trial Briefs Due | September 5, 2025 |
| Pre-Trial Response Briefs Due | September 19, 2025 |
| Trial | September 23, 2025 |

Respectfully submitted this 25th day of July, 2025.

Dated: July 25, 2025

Shalini Goel Agarwal
shalini.agarwal@protectdemocracy.org
**Protect Democracy Project**
2020 Pennsylvania Ave., NW, Ste. 163
Washington, DC 20006
202-579-4582
shalini.agarwal@protectdemocracy.org

Michel-Ange Desruisseaux
82 Nassau Street, #601
New York, NY 10038
michel-ange.desruisseaux@protectdemocracy.org

Kenneth Parreno
15 Main Street, Suite 312
Watertown, MA 02472
kenneth.parreno@protectdemocracy.org

BRETT SHUMATE
Assistant Attorney General

LEAH B. FOLEY
United States Attorney

KIRK T. MANHARDT
Director

MICHAEL QUINN
Senior Litigation Counsel

/s/ Samuel Hobbs
SAMUEL HOBBS (AL Bar No. 9776O19E)
Trial Attorney
U.S. Department of Justice
Civil Division
Corporate/Financial Section
P.O. Box 875
Ben Franklin Stations
Washington D.C. 20044-0875

Lisa S. Mankofsky
Oscar Heanue
**Center for Science in the Public Interest**
1250 I St., NW, Suite 500
Washington, DC 20005
202-777-8381
lmankofsky@cspinet.org
oheanue@cspinet.org

Jessie J. Rossman
Suzanne Schlossberg
**American Civil Liberties Union Foundation of Massachusetts, Inc.**
One Center Plaza, Suite 801
Boston, MA 02018
617-482-3170
jrossman@aclum.org
sschlossberg@aclum.org

Olga Akselrod
Alexis Agathocleous
Rachel Meeropol
Alejandro Ortiz
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212-549-2659
oakselrod@aclu.org
aagathocleous@aclu.org
rmeeropol@aclu.org
ortiza@aclu.org

*/s/ Matthew D. Brinckerhoff*
Matthew D. Brinckerhoff
Ilann M. Maazel
Max Selver
Sydney Zazzaro
**Emery Celli Brinckerhoff Abady Ward & Maazel LLP**
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
mbrinckerhoff@ecbawm.com

*Attorneys for Plaintiffs*

Tel: (202) 616-8077
Email: samuel.hobbs@usdoj.gov

Anuj Khetarpal
Assistant United States Attorney
United Staes Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

*Attorneys for Defendants*

7

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 25, 2025  /s/ *Matthew D. Brinckerhoff*
Matthew D. Brinckerhoff