IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION; IBIS REPRODUCTIVE HEALTH; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS (UAW); BRITTANY CHARLTON; KATIE EDWARDS; PETER LURIE; and NICOLE MAPHIS, <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH; JAY BHATTACHARYA, *in his official capacity as Director of the National Institutes of Health*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR.*, in his official capacity as Secretary of the United States Department of Health and Human Services*, <br><br> *Defendants*. | Case No. 1:25-cv-10787-WGY |

**JOINT STIPULATION AND PROPOSED
<u>ORDER CONCERNING OUTSTANDING CLAIMS</u>**

1

APHA Plaintiffs[1] and all Defendants[2] in this action (collectively, the "Parties") hereby stipulate to—and respectfully request that the Court order—the resolution of the outstanding claims in this litigation subject to the following terms and conditions.

**I.      Background**

1.      APHA Plaintiffs' Complaint (ECF No. 1) alleges that Defendants violated the Administrative Procedure Act[3] by refusing to consider and unreasonably delaying the review and disposition of applications for NIH grants submitted by APHA Plaintiffs and APHA Plaintiffs' members.[4]

2.      Defendants do not concede that APHA Plaintiffs' claims are meritorious and do not admit any liability on those claims.

3.      Notwithstanding the foregoing, Defendants will evaluate and render decisions on APHA Plaintiffs' identified applications subject to the terms and conditions below.  In exchange, APHA Plaintiffs have agreed to the dismissal, without prejudice, of the outstanding claims described below, subject to the terms and conditions below.

**II.     Stipulation**

The Parties hereby stipulate and agree that:

1.      This stipulation relates to grant applications identified in the list of "Phase Two"

---

[1] "APHA Plaintiffs" are the American Public Health Association, Ibis Reproductive Health, International Union, United Automobile, Aerospace, and Agricultural Implement Workers (UAW), Brittany Charlton, Katie Edwards, Peter Lurie, and Nicole Maphis.

[2] "Defendants" are the National Institutes of Health (NIH); Jay Bhattacharya, in his official capacity as Director of the National Institutes of Health; the United States Department of Health and Human Services; and Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services.

[3] APHA Plaintiffs also alleged, among other claims, constitutional claims, which were dismissed without prejudice. (ECF No. 84).

[4] A member of Plaintiffs APHA or UAW is defined in the Proposed Order and Judgment for Plaintiffs' preliminary injunction ECF No. 103-1 ¶ 4(a).

applications that APHA Plaintiffs provided to Defendants on June 30, 2025, as well as any grant applications identified on supplemental lists that APHA Plaintiffs provided to Defendants on or before September 29, 2025,[5] provided that such listed applications were submitted to NIH on or before July 1, 2025, in the case of non-competing renewal or continuation applications, or on or before June 23, 2025, in the case of all other applications (the "Applications").  As used herein, the term "Applications" refers to applications of any type, including, without limitation, new applications, renewal applications, competing revision applications, extension applications, noncompeting continuation applications, resubmission applications, and applications for a change of organization status, recipient, or institute/center.  For the avoidance of doubt, the Applications include those listed Applications for which NIH has not yet made a decision to withdraw, deny, or award the Application; those listed Applications that were administratively withdrawn or denied pursuant to the withdrawal of a Notice of Funding Opportunity ("NOFO"); and those listed Applications that NIH considered but decided not to fund because of the Challenged Directives.[6]

    a. On September 29, 2025, APHA Plaintiffs certified under oath that an APHA Plaintiff or member of Plaintiffs APHA or UAW is associated with each of the Applications.

2. Defendants will complete their consideration of the Applications in the ordinary course of NIH's scientific review process, without applying the Challenged Directives. Defendants will evaluate each application individually and in good faith.

3. Notwithstanding the timing limitations in Subparagraph II.1, Defendants shall not

---

[5] This stipulation does not apply to "Resulting Grant Terminations" listed in Exhibits A and B to the June 23, 2025, partial final judgment (ECF Nos. 138-1 and 138-2). APHA Plaintiffs will not include any Resulting Grant Terminations listed in said Exhibits A and B in the lists that APHA Plaintiffs have produced or will produce related to this stipulation.
[6] The "Challenged Directives" are those directives named in, and vacated as stated in, the Rule 54(b) Final Judgment entered in this matter on June 23, 2025.  *See* ECF No. 138, at 2 ¶ 1 & n. 1 and 2 ¶ 2.

apply the Challenged Directives to any application listed in the spreadsheet regardless of the date it was submitted and shall review those applications in the ordinary course of NIH's scientific review process.

    4.    Defendants will make decisions on all of the Applications consistent with 42 C.F.R., Chapter I—including, specifically, 42 C.F.R. § 52.5(b)—and provide notice to APHA Plaintiffs of those decisions no later than the following dates:

- a. For all Applications for non-competing renewal or continuation, Defendants will make a decision on the Application and provide notice to APHA Plaintiffs of the decision by December 29, 2025, provided the proposed renewal date was on or before the date of entry of this stipulation.

- b. For all Applications that were administratively withdrawn and/or denied because of the Challenged Directives ("Withdrawn or Denied Applications"), Defendants will make a decision on the Application and provide notice to APHA Plaintiffs of the decision as follows:

    - i. For all Withdrawn or Denied Applications that, as of the effective date of this stipulation and order, have already undergone both study-section and advisory-council review, or have undergone study-section review and do not require advisory-council review, Defendants will make a decision on the Application and provide notice to APHA Plaintiffs by January 12, 2026.

    - ii. For all Withdrawn or Denied Applications that, as of the effective date of this stipulation and order, have already been scored by a study section and that require, but have not yet undergone, advisory-council review, Defendants will make a decision on the Application and provide notice to APHA Plaintiffs by April 14, 2026.

    - iii. For all other Withdrawn or Denied Applications, Defendants will make a decision on the Application and provide notice to APHA Plaintiffs by July 31, 2026.

- c. For all extension Applications or Applications for a change of organization status, recipient, or institute/center, Defendants will make a decision on the application in the ordinary course of NIH's scientific review process.

- d. For all other Applications, the dates by which Defendants will make a decision on the Application and provide notice to APHA Plaintiffs of their decision are as follows:

      i.      For all Applications submitted on or before January 7, 2025, Defendants will make a decision on the Application within seven days of the filing of this stipulation, and will provide notice to APHA Plaintiffs of the decision by January 12, 2026;

      ii.     For all Applications submitted after January 7, 2025, and on or before May 7, 2025, Defendants will make a decision on the Application and provide notice to APHA Plaintiffs of the decision by February 12, 2026; and

      iii.    For all Applications submitted after May 7, 2025 and on or before June 23, 2025, Defendants will make a decision on the Application and provide notice to APHA Plaintiffs of the decision by April 14, 2026.

5. For any Applications that Defendants decide to grant, Defendants will inform the applicants of that grant through eRA Commons in the ordinary course.

6. To facilitate provision of notice, APHA Plaintiffs provided Defendants with the application submission date, Advisory Council meeting date (if applicable), and the date of withdrawal (if applicable) for Applications on October 14, 2025, to the extent that information was available to APHA Plaintiffs by that date. The requirements set out in Subparagraph II.4 for Defendants to provide notice to APHA Plaintiffs by a certain date shall not apply to any Applications for which APHA Plaintiffs did not provide the preceding information or to any Application submitted after July 1, 2025, in the case of non-competing renewal or continuation applications, or after June 23, 2025, in the case of all other applications.

7. Defendants stipulate and agree that the end of Federal Fiscal Year 2025 does not prevent Defendants from considering and/or awarding any of the Applications, subject to Congress's appropriation of funds to NIH.

8. Defendants will not deny any Application that was originally submitted to a NOFO that has since been unpublished because of the Challenged Directives on the basis that the NOFO has been unpublished.

9. Any application submitted as an additional/alternative application to NIH following

5

the administrative withdrawal or denial of a listed Application, and which listed Application Defendants consider pursuant to this agreement, will not be penalized for being one of multiple simultaneously pending applications. Defendants will not deny any Application previously withdrawn or denied based on the Challenged Directives based on the applicant being time-barred for Early Stage Investigator status or any other time bars where the application was initially filed within proper time limits for the given NOFO.

10. Nothing in this stipulation commits NIH to ultimately award any specific Application, diminishes or enlarges NIH's discretion over the decision to award funding, or creates a final agency action where a final agency action would not otherwise exist. Nothing in this stipulation enlarges or diminishes any right or ability of any individual Plaintiff or applicant with respect to seeking review of the denial of any application.

11. On the basis of the Parties' stipulations, the Parties agree to the dismissal without prejudice of all outstanding claims that were not decided in the June 23, 2025, partial final judgment (ECF No. 138) and/or addressed in the July 2, 2025, findings of fact and conclusions of law (ECF No. 151). Plaintiffs further agree that they have not raised any claims of discrimination and no further proceedings in this case should occur with respect to the matters addressed in footnote 4 of the July 2, 2025, findings of fact and conclusions of law (ECF No. 151). Plaintiffs reserve the right to seek judgment on Counts II and/or III of the Complaint consistent with Plaintiffs' view of the July 2, 2025, findings of fact and conclusions of law (ECF No. 151); Defendants reserve the right to oppose any such request for judgment.

12. The Parties will bear their own respective fees and costs incurred as part of drafting and litigating the documents in this case found at Docket Nos. 130, 131, 132, 149, 140, 153, 161, 163, 167,169, 170. The Parties shall also bear their own respective costs incurred negotiating this

Stipulation.

13. The Court shall retain jurisdiction to enforce the terms of this stipulation, until such time as Defendants have considered and disposed of all Applications as stipulated.

## III.   Request for Relief

The parties respectfully request that the Court adopt and order the foregoing terms and conditions as set forth in the attached proposed order.

<div style="display: flex;">
<div>

December 29, 2025

**AMERICAN PUBLIC HEALTH ASSOCIATION;**

**IBIS REPRODUCTIVE HEALTH;**

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS (UAW);**

**BRITTANY CHARLTON;**

**KATIE EDWARDS;**

**PETER LURIE;**
and

**NICOLE MAPHIS,**


By their attorneys,

/s/ *Jennifer M. Herrmann*
Jessie J. Rossman
Suzanne Schlossberg
Jennifer M. Herrmann
**American Civil Liberties Union Foundation of Massachusetts, Inc.**
One Center Plaza, Suite 850
Boston, MA 02018
617-482-3170
jrossman@aclum.org
sschlossberg@aclum.org
jherrmann@aclum.org

Olga Akselrod
Rachel Meeropol
Alexis Agathocleous
Alejandro Ortiz
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
212-549-2659

</div>
<div>

Respectfully submitted.

**BRETT A. SHUMATE**
Assistant Attorney General
Civil Division

**LEAH B. FOLEY**
United States Attorney

**KIRK T. MANHARDT**
Director

**MICHAEL QUINN**
Senior Litigation Counsel

/s/ Zachary Semple
ZACHARY C. SEMPLE
Trial Attorney
United States Department of Justice
Civil Division
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 353-5555
Fax: (202) 514-9163
E-mail: Zachary.C.Semple@usdoj.gov

/s/Anuj Khetarpal
ANUJ KHETARPAL
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

Attorneys for the United States

</div>
</div>

8

oakselrod@aclu.org
rmeeropol@aclu.org
aagathocleous@aclu.org
ortiza@aclu.org

Matthew D. Brinckerhoff
Ilann M. Maazel
Max Selver
Sydney Zazzaro
**Emery Celli Brinckerhoff Abady
  Ward & Maazel LLP**
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
mbrinckerhoff@ecbawm.com
imaazel@ecbawm.com
mselver@ecbawm.com
szazzaro@ecbawm.com

Shalini Goel Agarwal
Emily Gilman
**Protect Democracy Project**
2020 Pennsylvania Ave., NW,
Ste. 163
Washington, DC 20006
202-579-4582
shalini.agarwal@protectdemocracy.org
emily.gilman@protectdemocracy.org

Michel-Ange Desruisseaux
**Protect Democracy Project**
82 Nassau Street, #601
New York, NY 10038
202-579-4582
michel-ange.desruisseaux@
protectdemocracy.org

Kenneth Parreno
**Protect Democracy Project**
15 Main Street, Suite 312
Watertown, MA 02472
202-579-4582
kenneth.parreno@protectdemocracy.org

Lisa S. Mankofsky
Oscar Heanue

**Center for Science in the Public  
 Interest**  
1250 I St., NW, Suite 500  
Washington, DC 20005  
202-777-8381  
lmankofsky@cspinet.org  
oheanue@cspinet.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION; IBIS REPRODUCTIVE HEALTH; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS (UAW); BRITTANY CHARLTON; KATIE EDWARDS; PETER LURIE; and NICOLE MAPHIS,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH; JAY BHATTACHARYA, *in his official capacity as Director of the National Institutes of Health*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR*., in his official capacity as Secretary of the United States Department of Health and Human Services*,<br><br>*Defendants*. | Case No. 1:25-cv-10787-WGY |

**[PROPOSED] ORDER CONCERNING REMAINING CLAIMS**

11

Upon consideration of the parties' joint stipulation and request for relief regarding the remaining claims of this litigation ("Joint Stipulation"), pursuant to Federal Rule of Civil Procedure 41(a)(2), it is hereby **ORDERED** that:

I.      APHA Plaintiffs and Defendants shall comply with and carry out their respective obligations as set forth in Part II of the parties' Joint Stipulation.

II.     Count I.B, the portions of Count III relating to applicants, and Count V of the APHA Plaintiffs' Complaint (ECF No. 1) are dismissed without prejudice.  All Phase Two trial dates and/or Phase Two pretrial deadlines are hereby vacated.

III.    The Court shall retain jurisdiction to enforce the terms of this order and the parties' Joint Stipulation until such time as Defendants have considered and disposed of all identified applications as set forth in the Joint Stipulation.